1 DENNIS J. HERRERA, State Bar #139669
City Attorney
2 THERESA L. MUELLER, State Bar #172681
Chief Energy and Telecommunications Deputy
3 WILLIAM K. SANDERS, State Bar #154156
THOMAS J. LONG, State Bar #124776
4 Deputy City Attorneys
City Hall, Room 234
5 1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
6 Telephone:   (415) 554-6548
Facsimile:    (415) 554-4757
7 E-Mail:       thomas.long@sfgov.org

8 Attorneys for Defendants
THE CITY AND COUNTY OF SAN FRANCISCO and
9 THE DEPARTMENT OF PUBLIC WORKS OF THE
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTG NETWORKS OF CALIFORNIA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO and THE DEPARTMENT OF PUBLIC WORKS OF THE CITY OF SAN FRANCISCO,<br><br>Defendants. | Case No. CV-08-0985-MHP<br><br>**DEFENDANTS' ANSWER TO THE COMPLAINT** |

Defendants the City and County of San Francisco and the Department of Public Works of the City and County of San Francisco (hereinafter the "City"), for their answer to the complaint, allege as follows:

1. Answering paragraph 1, the City admits that the cases cited therein speak for themselves.

2. Answering paragraph 2, the City denies the allegations of the paragraph.

ANSWER
CV-08-0985-MHP
1

3. Answering paragraph 3, the City denies the allegations of the paragraph.

4. Answering paragraph 4, the City denies the allegations of the paragraph.

5. Answering paragraph 5, the City denies the allegations of the paragraph.

6. Answering paragraph 6, the City denies the allegations of the paragraph.

7. Answering paragraph 7, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

8. Answering paragraph 8, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

9. Answering paragraph 9, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

10. Answering paragraph 10, the City admits that on January 30, 2003 the California Public Utilities Commission ("CPUC") granted NextG's application for a certificate of public convenience and necessity ("CPCN") and that the CPUC's decision speaks for itself.  The City further admits that following the City's complaint the CPUC issued a decision on January 12, 2006, which it modified on July 20, 2006, and that those decisions speak for themselves.  The City further admits that Exhibits A, B, and C to the complaint are true and correct copies of the CPUC decisions issued on January 30, 2003, January 12, 2006, and July 20, 2006.

11. Answering paragraph 11, the City admits that on April 12, 2007 in Decision 07-04-045 the CPUC expanded NextG's CPCN, that Exhibit D is a true and correct copy of that CPUC decision, and that the decision speaks for itself

12. Answering paragraph 12, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

ANSWER
CV-08-0985-MHP

2

13. Answering paragraph 13, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

14. Answering paragraph 14, the City admits that it is a municipal corporation under the Constitution and laws of the State of California, that the Department of Public Works ("DPW") is a City agency, and that the City and DPW act through their agents and employees. Except as so admitted, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

15. Answering paragraph 15, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

16. Answering paragraph 16, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

17. Answering paragraph 17, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

18. Answering paragraph 18, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

19. Answering paragraph 19, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

20. Answering paragraph 20, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

21.     Answering paragraph 21, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

22.     Answering paragraph 22, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

23.     Answering paragraph 23, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

24.     Answering paragraph 24, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

25.     Answering paragraph 25, the City admits that the Federal Communications Commission and the California Public Utilities Commission have certain regulatory authority over telecommunications carriers. Except as so admitted, the City denies the allegations of the paragraph.

26.     Answering paragraph 26, the City admits that Congress amended the Communications Act of 1934 by enacting the Telecommunications Act of 1996 (TCA). Except as so admitted, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

27.     Answering paragraph 27, the City admits that Congress amended the Communications Act of 1934 by enacting the TCA and that 47 U.S.C. § 253 speaks for itself. Except as so admitted, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

28.     Answering paragraph 28, the City admits that sections 233, 234(a) and 7901 of the California Public Utilities Code speak for themselves. Except as so admitted, the City denies the allegations of the paragraph.

29. Answering paragraph 29, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

30. Answering paragraph 30, the City admits that section 7901 of the California Public Utilities Code speaks for itself. Except as so admitted, the City denies the allegations of the paragraph.

31. Answering paragraph 31, the City admits that NextG wrote to the City's Department of Telecommunications and Information Services seeking a permit or other appropriate authorization to install, operate and maintain telecommunications equipment in the City's public rights-of-way. Except as so admitted, the City denies the allegations of the paragraph.

32. Answering paragraph 32, the City admits that on February 4, 2003 NextG submitted an application to DPW for a utility conditions permit, and that on June 27, 2003 NextG submitted a request for determination to DPW. Except as so admitted, the City denies the allegations of the paragraph.

33. Answering paragraph 33, the City admits that on August 11, 2003 DPW denied NextG's application for a UCP and informed NextG that it would need a major encroachment permit to install certain parts of its telecommunications network in the public rights-of-way. Except as so admitted, the City denies the allegations of the paragraph.

34. Answering paragraph 34, the City denies the allegations of the paragraph.

35. Answering paragraph 35, the City admits that the City does not presently require any telephone corporation to obtain a major encroachment permits in order to install telephone lines in the public rights-of-way. The City further admits that the City requires any telephone corporation seeking to install personal wireless services facilities in the public rights-of-way in certain parts of San Francisco to obtain approval of the City's Planning Department. Except as so admitted, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

36. Answering paragraph 36, the City admits that NextG filed suit against the City on February 11, 2005 (No. C-05-00658-MHP) and that the complaint in that case speaks for itself.

1  Except as so admitted, the City is without knowledge or information sufficient to form a belief as to
2  the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.
3      37.    Answering paragraph 37, the City admits that the City filed a complaint against NextG
4  with the CPUC and that the City's complaint speaks for itself.
5      38.    Answering paragraph 38, the City denies the allegations of the paragraph.
6      39.    Answering paragraph 39, the City admits that the CPUC issued a decision resolving
7  the complaint in NextG's favor and that the CPUC's decision speaks for itself.
8      40.    Answering paragraph 40, the City admits that NextG filed a motion for summary
9  judgment, that the Court ruled in favor of NextG, and that the Court's decision speaks for itself.
10     41.    Answering paragraph 41, the City admits that the Court's decision speaks for itself.
11     42.    Answering paragraph 42, the City admits that the Court entered a judgment in the form
12 proposed by NextG and that the Court's judgment speaks for itself.  The City further admits that the
13 City appealed the Court's judgment.
14     43.    Answering paragraph 43, the City admits the allegations of the paragraph.
15     44.    Answering paragraph 44, the City admits the allegations of the paragraph.
16     45.    Answering paragraph 45, the City denies the allegations of the paragraph.
17     46.    Answering paragraph 46, the City admits that Ordinance No. 214-07, Section
18 11.9(b)(2)(A), speaks for itself.  Except as so admitted, the City denies the allegations of the
19 paragraph.
20     47.    Answering paragraph 47, the City denies the allegations of the paragraph.
21     48.    Answering paragraph 48, the City admits that Ordinance No. 214-07, Section
22 11.9(b)(2)(B), speaks for itself.
23     49.    Answering paragraph 49, the City is without knowledge or information sufficient to
24 form a belief as to the truth of the allegations of the paragraph, and on that basis denies the
25 allegations of the paragraph.
26     50.    Answering paragraph 50, the City denies the allegations of the paragraph.
27     51.    Answering paragraph 51, the City admits that, under Sections 11.9(b)(2)(A) and (B) of
28 Ordinance No. 214-07, if an application is referred to the Planning Department and/or the Recreation

and Park Department, DPW is prohibited from granting the application unless the Department(s) recommends approval.  Except as so admitted, the City denies the allegations of the paragraph.

52. Answering paragraph 52, the City denies the allegations of the paragraph.

53. Answering paragraph 53, the City denies the allegations of the paragraph.

54. Answering paragraph 54, the City denies the allegations of the paragraph.

55. Answering paragraph 55, the City denies the allegations of the paragraph.

56. Answering paragraph 56, the City admits that under Ordinance No. 214-07, Section 11.9(a), all providers of Telecommunications Services or Personal Wireless Service must obtain a Utility Conditions Permit ("UCP") and that Section 11.9(a) speaks for itself.  Except as so admitted, the City denies the allegations of the paragraph.

57. Answering paragraph 57, the City admits that Ordinance No. 214-07 requires entities that seek to install Personal Wireless Services Facilities in the public rights-of-way to obtain Personal Wireless Services Facilities Site Permits.  Except as so admitted, the City denies the allegations of the paragraph.

58. Answering paragraph 58, the City denies the allegations of the paragraph.

59. Answering paragraph 59, the City denies the allegations of the paragraph.

**ANSWERING THE FIRST CLAIM FOR RELIEF**

60. Answering paragraph 60, in which NextG incorporates previous paragraphs by reference, the City incorporates by reference the responses to the allegations made to the specified paragraphs of the complaint.

61. Answering paragraph 61, the City admits that Section 253 of the Communications Act speaks for itself.

62. Answering paragraph 62, the City admits that Article VI, Clause 2 of the United States Constitution speaks for itself.

63. Answering paragraph 63, the City admits that the Court's decision in *Qwest Communications, Inc. v. City of Berkeley* speaks for itself.

64. Answering paragraph 64, the City denies the allegations of the paragraph.

65.     Answering paragraph 65, the City denies the allegations of the paragraph.

66.     Answering paragraph 66, the City denies the allegations of the paragraph.

67.     Answering paragraph 67, the City admits that Section 253(c) of the Communications Act speaks for itself.

68.     Answering paragraph 68, the City denies the allegations of the paragraph.

69.     Answering paragraph 69, the City denies the allegations of the paragraph.

70.     Answering paragraph 70, the City denies the allegations of the paragraph.

**ANSWERING THE SECOND CLAIM FOR RELIEF**

71.     Answering paragraph 71, in which NextG incorporates previous paragraphs by reference, the City incorporates by reference the responses to the allegations made to the specified paragraphs of the complaint.

72.     Answering paragraph 72, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

73.     Answering paragraph 73, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

74.     Answering paragraph 74, the City admits, upon information and belief, the allegations in the paragraph.

75.     Answering paragraph 75, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

76.     Answering paragraph 76, the City admits that the decisions cited speak for themselves.

77.     Answering paragraph 77, the City denies the allegations of the paragraph.

78.     Answering paragraph 78, the City admit the decision cited speaks for itself.

79.     Answering paragraph 79, the City admits the decisions cited speak for themselves.

80.     Answering paragraph 80, the City denies the allegations of the paragraph.

81. Answering paragraph 81, the City denies the allegations of the paragraph.

82. Answering paragraph 82, the City denies the allegations of the paragraph.

## ANSWERING THE THIRD CLAIM FOR RELIEF

83. Answering paragraph 83, in which NextG incorporates previous paragraphs by reference, the City incorporates by reference the responses to the allegations made to the specified paragraphs of the complaint.

84. Answering paragraph 84, the City is without knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph and on that basis denies the allegations of the paragraph.

85. Answering paragraph 85, the City admits, on information and belief, that NextG is a member of the Northern California Joint Pole Association. The City further admits that the City is a member of the Northern California Joint Pole Association. Except as so admitted the City is without knowledge or information sufficient to form a belief as to the truth of the allegations of the paragraph, and on that basis denies the allegations of the paragraph.

86. Answering paragraph 86, the City denies the allegations of the paragraph.

87. Answering paragraph 87, the City denies the allegations of the paragraph.

88. Answering paragraph 88, the City denies the allegations of the paragraph.

## RESPONSE TO THE PRAYER FOR RELIEF

Answering the allegations contained in the entirety of NextG's prayer for relief, the City denies that NextG is entitled to the relief sought or to any relief.

## FIRST AFFIRMATIVE DEFENSE

As a separate and affirmative defense to the complaint, and to each and every allegation contained therein, the City alleges that the complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the complaint, and to each and every allegation contained therein, the City alleges that Ordinance No. 214-07 is a lawful exercise of the City's authority under 47 U.S.C. section 332(c)(7).

**THIRD AFFIRMATIVE DEFENSE**

As a separate and affirmative defense to the third claim for relief in complaint, and to each and every allegation contained therein, the City alleges that in enacting Ordinance No. 214-07 and enforcing the requirements therein the City was properly exercising its police power to protect the public health, safety and welfare.

WHEREFORE, the City prays that NextG takes nothing by way of this action and that the City be awarded its costs of suit, including reasonable attorney's fees, and any other relief that the Court deems just and proper.

Dated: March 11, 2008

DENNIS J. HERRERA
City Attorney
THERESA L. MUELLER
Chief Energy and Telecommunications Deputy
WILLIAM K. SANDERS
THOMAS J. LONG
Deputy City Attorneys


By:        /s/
    THOMAS J. LONG

Attorneys for Defendants
THE CITY AND COUNTY OF SAN FRANCISCO and
THE DEPARTMENT OF PUBLIC WORKS OF THE
CITY AND COUNTY OF SAN FRANCISCO