1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  THERESA L. MUELLER, State Bar #172681
   Chief Energy and Telecommunications Deputy
3  WILLIAM K. SANDERS, State Bar #154156
   THOMAS J. LONG, State Bar #124776
4  Deputy City Attorneys
   City Hall, Room 234
5  1 Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
6  Telephone:    (415) 554-6548
   Facsimile:    (415) 554-4757
7  E-Mail:       thomas.long@sfgov.org

8  Attorneys for Defendants
   THE CITY AND COUNTY OF SAN FRANCISCO and
9  THE DEPARTMENT OF PUBLIC WORKS OF THE
   CITY AND COUNTY OF SAN FRANCISCO

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14

15  NEXTG NETWORKS OF CALIFORNIA,          Case No. CV-08-0985-MHP
    INC., a Delaware corporation,
16                                         DECLARATION OF DANIEL
                 Plaintiff,                MCKENNA IN SUPPORT OF
17                                         DEFENDANTS' MOTION FOR
          vs.                              SUMMARY JUDGMENT
18
    THE CITY AND COUNTY OF SAN             Hearing Date:  June 9, 2008
19  FRANCISCO and THE DEPARTMENT           Time:          2:00 p.m.
    OF PUBLIC WORKS OF THE CITY OF         Place:         Courtroom 15
20  SAN FRANCISCO,

21              Defendants.

22

23        I, Daniel McKenna, being duly sworn, declare:

24        1.  I am employed by the City and County of San Francisco ("City") as the Deputy

25  Bureau Manager of the Bureau of Street-use and Mapping ("BSM"), which is part of the Department

26  of Public Works ("DPW"). I submit this declaration in support of the City's motion for summary

27  judgment.

28

1    2.   BSM is responsible for issuing a number of different permits related to use of the

2    public rights-of-way including utility conditions permits and wireless services facilities site permits

3    ("Wireless Permits").  As Deputy Bureau Manager of BSM, I am directly responsible for issuing

4    these permits, among others.  I have personal knowledge of the matters stated herein, and if called as

5    a witness could testify competently thereto.

6    3.   On September 11, 2007, the City and County of San Francisco Board of Supervisors

7    finally approved an ordinance amending the City and County of San Francisco Administrative Code

8    to establish the requirement that telecommunications carriers obtain Wireless Permits before

9    installing personal wireless service facilities in the public rights-of-way.  On September 21, 2007, the

10   Mayor of the City and County San Francisco signed Ordinance No. 214-07 into law.  Ordinance No.

11   214-07 has now been added to the San Francisco Administrative Code.   A true and correct copy of

12   San Francisco Administrative Code § 11.9 is attached hereto as Exhibit A.

13   4.   On October 3, 2007, the Director of DPW issued DPW Order No. 177,163 to establish

14   a permitting process for Wireless Permits.  All DPW orders are not final until after a public hearing is

15   held.  DPW held a number of hearings on DPW Order No. 177,163, which were attended by a

16   number of individuals representing telecommunications carriers doing business in San Francisco,

17   including a representative of NextG.  After the hearing on December 5, 2007, DPW issued the final

18   version of DPW Order No. Order No. 177,163.  A true and correct copy of DPW Order No. Order

19   No. 177,163 is attached hereto as Exhibit B.

20   5.   I am informed and believe that plaintiff NextG Networks of California, Inc. ("NextG")

21   asserts in its Motion for Judgment on the Pleadings that DPW's determination of whether a Wireless

22   Permit application will be referred to the Planning and/or Recreation and Park Departments is

23   "subject to the unfettered discretion of DPW."  That is simply not the case.

24   6.   Administrative Code § 11.9.(b)(2)(A) identifies those parts of San Francisco where

25   Planning Department approval is required. They include: "(i) on historic, historically or

26   architecturally significant, decorative, or specially designed utility poles; (ii) in a historic or locally

27   significant district; (iii) adjacent to a historic, architecturally significant or locally significant

28

1   building; or (iv) on a street where the City and County of San Francisco General Plan has identified

2   the presence of valued scenic resources that should be protected and conserved."

3        7.   Section III.D.4 of DPW Order No. 177,163 more specifically delineates these

4   protected areas:

> (a) On a historic, historically or architecturally significant, decorative, or specially designed Utility Pole;

> (b)  In a: (i) National Historic Landmark District; (ii) listed or eligible National Register Historic District; (iii) listed or eligible California Register Historic District; (iv) San Francisco Landmark District; (v) local Historic or Conservation District; or (vi) locally significant district;

> (c)  Adjacent to a: (i) National Historic Landmark; (ii) California Landmark; (iii) San Francisco Landmark; (iv) Structure of Merit; (v) building that the City has designated as architecturally significant; or (vi) locally significant building; or

> (d)  On a street identified in the City and County of San Francisco General Plan as one that: (i) is most significant to City pattern; (ii) defines City form; (iii) has an important street view for orientation; or (iv) has street views that are rated "excellent" or "good."

8.   DPW Order No. 177,163 thus clarifies Administrative Code § 11.9.(b)(2)(A) in two

important ways.  First, by identifying the City's historic, architectural, and locally significant

resources in § III.D.4.a, § III.D.4.b, and § III.D.4.c, the order provides both DPW and

telecommunications carriers like NextG with specific information as to those parts of San Francisco

where an application for a Wireless Permit must be approved by the Planning Department under

Administrative Code §§ 11.9.(b)(2)(A)(i)-(iii) because there are historic, architectural or locally

significant resources present.

9.   Second, by identifying the City's scenic resources in § III.D.4.d, the order provides

both DPW and telecommunications carriers like NextG with specific information as to those parts of

San Francisco where an application for a Wireless Permit must be approved by the Planning

Department under Administrative Code § 11.9.(b)(2)(A)(iv) because there are scenic resources

present.

10.    In preparing these sections of DPW No. 177,163, DPW worked with the Planning

Department to identify the historic, architectural, locally significant and scenic resources that could

be affected by the installation of wireless facilities.

1       11.   Administrative Code § 11.9.(b)(2)(A) provides that the Recreation and Park

2  Department must approve an application for a Wireless Permit if the proposed location is "adjacent to

3  a City park or open space." In DPW Order No. 177,163, DPW clarifies this section by defining the

4  word "adjacent" to mean "on the same side of the street."

5       12.   DPW did not exercise any discretion in determining where San Francisco parks and

6  open spaces are located. The Recreation and Park Department provided DPW with a map of all of

7  San Francisco's parks and open spaces. A copy of that map is attached hereto as Exhibit C. This

8  map is easily read on a computer screen. Using Adobe Acrobat Reader, a user can enlarge the map so

9  that individual parks or open spaces and adjacent street segments can be easily viewed. DPW will

10  use this map when reviewing an application for a Wireless Permit to determine whether to refer the

11  application to the Recreation and Park Department.

12       13.   NextG has had a copy of this map since October 22, 2008 at the very latest. I know

13  that because on that date I attached a copy of the map to a declaration I filed with this Court in the

14  matter entitled *NextG Networks of California Inc. v. City and County of San Francisco* (Case No. C-

15  05-0658 (MHP)).

16       14.   I am informed and believe that NextG claims that certain of the maps that DPW will

17  rely on to determine whether to refer an application for a Wireless Permit to the Planning Department

18  are "nearly illegible and will require interpretation by DPW." That is simply not the case.

19       15.   In reviewing applications for Wireless Permits, DPW does not exercise any

20  discretion in determining whether the application must be reviewed by the Planning or the Recreation

21  and Park Department. It is simply a matter of reviewing the proposed location for the wireless

22  facility and determining whether that location is one that requires Planning and/or Recreation and

23  Park Department approval under Administrative Code § 11.9.(b)(2) and DPW Order No. 177,163.

24       16.   During the DPW hearings on DPW Order No. 177,163, certain telecommunications

25  carriers (including NextG) expressed concerns about the purported lack of clarity with respect to

26  those areas where DPW would have to refer the applications to the Planning Department. Those

27  concerns in part related to the usefulness of the maps that DPW would rely on to make that

28  determination. At that time, DPW agreed with the carriers that certain of the maps were difficult to

1    read. DPW advised the carriers repeatedly during the hearings that DPW was working diligently with

2    the Planning Department to create a single map of all of these locations that would be easy to read

3    and use.

4        17.   DPW has now done that. Attached hereto as Exhibit D is a true and correct copy of a

5    map that is in a PDF format that can be read on any computer that can use an Adobe Acrobat Reader.

6    This map identifies all of the locations where Planning Department approval would be required.

7        18.   On January 11, 2008, I had sent an electronic copy of a slightly different version of

8    this map to NextG and other telecommunications carriers that participated in the hearings. After the

9    Planning Department recommended certain changes to this map, I sent an electronic copy of the map

10   attached as Exhibit D to NextG and other telecommunications carriers that participated in the

11   hearings on April 25, 2008. The only changes to the map I previously sent on January 11, 2008 and

12   the map attached is Exhibit D concern the way in which some of the historic and locally significant

13   resources are color-coded. I am informed and believe that the protected locations identified in the

14   two maps are identical.

15       19.   To create this map, DPW used information provided by the Planning Department

16   showing where the City's historic, architectural, locally significant, and scenic resources are located.

17   The Planning Department provided this information in a number of databases. Employees in DPW's

18   information technology division then imported this information into DPW's mapping programs in

19   order to display this information graphically. DPW played no role whatsoever in determining which

20   buildings or streets should are included in these databases. Instead, DPW relied entirely on the

21   Planning Department.

22       20.   This map can be enlarged so that individual street segments or buildings can be easily

23   viewed. Attached hereto as Exhibit E is a true and correct copy of an enlarged portion of that map

24   depicting the area near Broderick and Fulton Streets.

25       21.   DPW has another version of this map in a computer program called MapView. DPW

26   is presently working to make this map available to carriers on the City's website. In the meantime,

27   DPW will make a computer terminal available to any person that comes to DPW's office so that they

28   can use the MapView version of the map. On February 28, 2008, DPW notified NextG and other

1   telecommunications providers that participated in the hearings that they could use this map at DPW's

2   office.

3          22.   The MapView version of the map offers users a searchable database so that any street

4   address or block and lot number in San Francisco can be easily located.  After a street address or

5   block and lot number is entered in MapView's search function, MapView will locate the address or

6   block and lot on the map.  It is then quite simple to determine whether a proposed wireless facility at

7   that location would require approval by the Planning Department.  DPW will use the Adobe Acrobat

8   and MapView maps and database when reviewing an application for a Wireless Permit to determine

9   whether to refer the application to the Planning Department.

10         23.   Attached hereto as Exhibit F is a true and correct copy of an enlarged portion of the

11  MapView map depicting the area near Broderick and Fulton Streets. The turquoise shaded buildings

12  on the map are historic or locally significant districts or buildings or architecturally significant

13  buildings.  The street segments with lines down the middle (Turk Street for example) are the scenic

14  street segments.  Under Administrative Code § 11.9.(b)(2)(A) and DPW Order 177,163 § III.D.4,

15  Planning Department review would be required for use of a utility pole located: (a) on the same side

16  of the street and in front of or adjacent to any protected building; (b) in a protected district; or (c) on

17  any protected street segment.

18         24.   I am informed and believe that NextG alleges in its Complaint that the Planning

19  Department or Recreation and Park Department would have to review at least 90% of its anticipated

20  new facilities.  That allegation is inconsistent with the experience of NextG and other

21  telecommunications carriers operating in San Francisco.

22         25.   I am informed and believe that NextG has installed a number of its wireless facilities

23  in San Francisco by attaching those facilities to existing utility poles owned by Pacific Gas & Electric

24  Co., AT&T and/or other utilities.  While DPW does not know the exact location of all of those

25  facilities, I have reviewed an application that NextG filed with the California Public Utilities

26  Commission in which NextG identified 32 potential locations for its facilities.  NextG installed these

27  facilities prior to the enactment of Ordinance No. 214-07, so NextG did not need the approval of the

28  Planning Department even for those facilities that are in protected locations.

26.  For purposes of this declaration, DPW matched those locations against the maps and database identifying parts of San Francisco where NextG would have to obtain approval of the Planning Department or Recreation and/or Park Department if NextG filed applications for Wireless Permits today.  Of the 32 proposed locations identified by NextG, DPW could locate 30 of them (two sites were listed as on "Vincent Street," but there is no Vincent Street in San Francisco).  Of those 30, DPW could have approved 20 without any referral to either of those departments.  DPW would have referred the other ten to the Planning Department because they are located on streets with excellent views.

27.  DPW's experience with Verizon Wireless similarly shows that telecommunications carriers can build extensive networks without needing to obtain approval of the Planning Department. In connection with the settlement of a lawsuit that Verizon Wireless filed against the City, DPW reviewed certain proposed locations for wireless facilities submitted by Verizon Wireless prior to Verizon Wireless actually filing applications for Wireless Permits.  In five different parts of San Francisco, Verizon Wireless was able to identify street segments where it could install up to 14 separate wireless facilities on existing utility poles, none of which would have to be approved by the Planning Department.  A true and correct copy of the maps prepared by Verizon Wireless and filed with this Court as part of a stipulation of settlement is attached hereto as Exhibit G.  The green-shaded streets are where Verizon Wireless could install these antennas without Planning Department approval.

28.  Neither Ordinance No. 214-17 nor DPW Order No. 177,163 requires DPW to hold any hearings on an application for a Wireless Permit.  For this reason, DPW will not hold any hearings before granting or denying an application for a Wireless Permit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed this 28th day of April, 2008 at San Francisco, California.

DANIEL McKENNA

EXHIBIT A

SAN FRANCISCO ADMINISTRATIVE CODE

SEC. 11.9. UTILITY CONDITIONS PERMIT, PERSONAL WIRELESS
SERVICE FACILITIES SITE PERMIT.

(a) Utility Conditions Permit.

(1) Required for Providers of Telecommunications Service, State Video Service
and Personal Wireless Service. The Department of Public Works shall require a
Person to obtain a Utility Conditions Permit prior to the construction, installation,
or maintenance of Facilities in the Public Rights-of-Way that will be used to
provide Telecommunications Service, State Video Service or Personal Wireless
Service. UCPs shall be issued by the Department of Public Works in a manner
consistent with Applicable Law to Persons who are willing to comply with the
City's requirements regarding the physical use and occupation of the Public
Rights-of-Way and who have: (A) authority to occupy the Public Rights-of-Way
pursuant to California Public Utilities Code Section 7901; (B) authority to occupy
the Public Rights-of-Way pursuant to California Public Utilities Code Section
5885; or (C) a license to provide Personal Wireless Service issued under federal
law. Persons intending to construct, install, or maintain Facilities to provide
Telecommunications Services, State Video Service or Personal Wireless Service
shall prove their legal right to occupy and use the Public Rights-of-Way by
providing the Department of Public Works a copy of their current: (a) certificate
of public convenience and necessity issued by the CPUC (which shall expressly
state the Person's authority to provide facilities-based Telecommunications
Service); (b) State Video Service Franchise issued by the CPUC; or (c) license to
provide Personal Wireless Service issued by the FCC., The Department of Public
Works shall include in a UCP such conditions, in addition to those already set
forth in Applicable Law, as may be required to govern the Permittee's
construction, installation, or maintenance of Facilities in the Public Rights-of-
Way to protect and benefit the public health, safety and welfare. The terms and
conditions of a UCP shall be limited to those areas consistent with the City's
authority under Applicable Law. A UCP shall have a term of no longer than two
(2) years and may be renewed in accordance with requirements established by the
Department in the UCP. A UCP shall provide that the Permittee is not entitled to
construct, install, or maintain Personal Wireless Service Facilities in the Public
Rights-of-Way without obtaining a Personal Wireless Service Facilities Site
Permit under Section 11.9(b) below.

(2) UCP fee. Any Person required to obtain or renew a UCP shall pay to the
Department of Public Works a non-refundable application fee of two thousand
dollars ($2,000.00) to compensate the City for all costs (including the City
Attorney's costs) related to-: (A) establishing the Person's authority to occupy the
Public Rights-of-Way; (B) establishing the terms on which Persons may occupy
the Public Rights-of-Way and (C) granting, monitoring, enforcing, renewing,
revising or revoking UCPs. These fees shall be deposited in the Public Works

1

Excavation Fund established by Section 10.100-230 of the San Francisco Administrative Code.

(b) Personal Wireless Service Facilities Site Permit.

(1) Required for Personal Wireless Service Facilities. The Department of Public Works shall require a Permittee to obtain a Personal Wireless Service Facilities Site Permit to install, construct, and maintain Personal Wireless Service Facilities in the Public Rights-of-Way. The Department of Public Works shall include in a Personal Wireless Service Facilities Site Permit such conditions, in addition to those already set forth in Applicable Law, as may be required to govern the construction, installation, or maintenance of Personal Wireless Service Facilities in the Public Rights-of-Way to protect and benefit the public health, safety and welfare. The terms and conditions of a Personal Wireless Service Facilities Site Permit shall be limited to those areas consistent with the City's authority under Applicable Law. A Personal Wireless Service Facilities Permit shall have a term of no longer than two (2) years and may be renewed in accordance with requirements established by the Department in the Personal Wireless Service Facilities Site Permit.

(2) Procedure for Personal Wireless Service Facilities Site Permits. The Department of Public Works shall implement a procedure for issuing Personal Wireless Service Facilities Site Permits that is consistent with Applicable Law and the requirements of this Section.

(A) Review by the Planning Department. The Department of Public Works shall submit to the Planning Department for review any application for a Personal Wireless Service Facilities Site Permit allowing for the construction, installation, or maintenance of Personal Wireless Service Facilities: (i) on historic, historically or architecturally significant, decorative, or specially designed utility poles; (ii) in a historic or locally significant district; (iii) adjacent to a historic, architecturally significant or locally significant building; or (iv) on a street where the City and County of San Francisco General Plan has identified the presence of valued scenic resources that should be protected and conserved. The Planning Department shall not recommend approval of a Personal Wireless Service Facilities Site Permit unless the Planning Department determines that a Personal Wireless Service Facilities in the proposed location is consistent with the public health, safety, convenience and general welfare and will not unreasonably affect, intrude upon or diminish any of the identified City resources. Where review by the Planning Department is required, the Department of Public Works shall not issue a Wireless Services Facilities Site Permit unless the Planning Department has recommended approval.

(B) Review by the Recreation and Park Department. The Department of Public Works shall submit to the Recreation and Park Department for review any application for a Personal Wireless Service Facilities Site Permit allowing for the

construction, installation, or maintenance of a Personal Wireless Service Facility adjacent to a City park or open space. The Recreation and Park Department shall not recommend approval of a Personal Wireless Service Facilities Site Permit unless the Recreation and Park Department determines that a Personal Wireless Service Facility in the proposed location will not unreasonably affect, intrude upon or diminish a City park or open space. Where review by the Recreation and Park Department is required, the Department of Public Works shall not issue a Wireless Services Facilities Site Permit unless the Recreation and Park Department has recommended approval.

(C) Review by the Department of Public Health. The Department of Public Works shall submit to the Department of Public Health for review any application for a Personal Wireless Service Facilities Site Permit allowing for the construction, installation, or maintenance of a Personal Wireless Service Facility. The Department of Public Health shall not recommend approval of a Personal Wireless Service Facilities Site Permit unless the Department of Public Health determines that any human exposure to radio frequency emissions from the proposed Personal Wireless Service Facility is within limits established by the FCC. The Department of Public Works shall not issue a Wireless Services Facilities Site Permit unless the Department of Public Health has recommended approval.

(3) Personal Wireless Service Facilities Site Permit Fees.

(A) Fees of the Department of Public Works. An applicant for a Personal Wireless Service Facilities Site Permit shall pay to the Department of Public Works: (i) a non-refundable application fee of seventy-five dollars ($75.00) for each Personal Wireless Service Facility contained in the application to compensate the Department of Public Works for all costs related to reviewing the application and; (ii) a non-refundable time and materials inspection fee not to exceed one hundred fifty dollars ($150.00) for each Personal Wireless Service Facility contained in the application to compensate the Department of Public Works for all costs related to inspecting any Personal Wireless Service Facility constructed under a Personal Wireless Service Facilities Site Permit to ensure compliance with all of the terms and conditions of contained therein, including any costs incurred by the Department of Public Health to confirm that human exposure to radio frequency emissions from the Personal Wireless Services Facility is within FCC limits.

(B) Fees of Other City Departments. Where as required under this Section the Department of Public Works has referred an application for a Personal Wireless Service Facilities Site Permit to the Planning Department, the Recreation and Park Department or the Department of Public Health, the applicant shall pay the following additional fees for each Personal Wireless Service Facility contained in an application for a Personal Wireless Service Facilities Site Permit: (i) a Planning Department non-refundable fee of one hundred five dollars ($105.00) plus time and materials; (ii) a Recreation and Park Department non-refundable fee

of one hundred twenty-five dollars ($125.00) and (iii) a Department of Public Health non-refundable fee of one hundred thirty-five dollars ($135.00) plus time and materials for any review that takes more than thirty (30) minutes. The purpose of these fees is to compensate the applicable City department for all costs related to reviewing an application for a Personal Wireless Service Facilities Site Permit.

(C) Adjustment of Fees for CPI. Beginning with fiscal year 2008-2009, the fees established herein may be adjusted each year, without further action by the Board of Supervisors, to reflect changes in the relevant Consumer Price Index ("CPI") (as determined by the Controller). No later than April 15th of each year, the Director of Public Works shall submit the current fee schedule to the Controller, who shall apply the CPI adjustment to produce a new fee schedule for the following year. No later than May 15th of each year, the Controller shall file a report with the Board of Supervisors reporting the new fee and certifying that: (i) the fees produce sufficient revenue to support the costs of providing the services for which the fee is charged; and (ii) the fees do not produce revenue that exceeds the costs of providing the services for which each permit fee is charged.

(D) Discretion to Require Additional Fees. In instances where the review of an application for a Personal Wireless Service Facilities Site Permit is or will be unusually costly to the Department of Public Works or to other City agencies, the Director of Public Works, in his or her discretion, may require a Person filing an application for a Personal Wireless Service Facilities Site Permit to pay a sum in excess of the amount charged pursuant to this section. This additional sum shall be sufficient to recover actual costs incurred by the Department of Public Works and/or other agencies, boards, commissions, or departments of the City in connection with an application for approval of a Personal Wireless Service Facilities Permit and shall be charged on a time and materials basis. Whenever additional fees are charged, the Director of Public Works, upon request, shall provide in writing the basis for the additional fees and an estimate of the additional fees.

(E) Deposit of Fees. All fees paid to the Department of Public Works for Personal Wireless Service Facilities Site Permits shall be deposited in the Public Works Excavation Fund established by Section 10.100-230 of the San Francisco Administrative Code. All other fees shall go directly to the appropriate City department.

EXHIBIT B

# CITY AND COUNTY OF SAN FRANCISCO
## DEPARTMENT OF PUBLIC WORKS
## ORDER NO. 177,163

REGULATIONS FOR ISSUING PERSONAL WIRELESS SERVICES
FACILITIES SITE PERMITS

## I.  PURPOSE OF ORDER

The purpose of this Order is to establish application procedures for
Personal Wireless Services Facilities Site Permits in accordance with the
authority granted to the Department in S.F. Administrative Code § 11.9(b)(2).
This Order supersedes any requirement in a UCP issued before the date of this
Order to extent that any of the requirements of this Order and a UCP are
inconsistent.

## II.  DEFINITIONS

For purposes of this Order, the following terms, phrases, words,
abbreviations, and other similar terms, when capitalized, shall have the meanings
given herein:

A.  "Applicable Law" means all applicable federal, state, and City laws,
ordinances, codes, rules, regulations, orders, standard plans and
specifications, as the same may be amended or adopted from time to
time.  Where applicable, "Applicable Law" also means the requirements
contained in a Utility Conditions Permit issued to an Applicant or
Permittee.

B.  "Applicant" means a person that has applied for a Personal Wireless
Services Facilities Site Permit.

C.  "Business Day" means any Monday through Friday that is not observed
as an official holiday by the City.

D.  "CEQA" means the California Environmental Quality Act (California
Public Resources Code § 21000, et seq.).

E.  "City" means the City and County of San Francisco.

F.  "Completion Date" means the date on which a Permittee completes the
installation of any Personal Wireless Services Facilities authorized
under a Personal Wireless Services Facilities Site Permit.

G.  "CPUC" means the California Public Utilities Commission.

H.  "Day" means any calendar day.  For the purposes hereof, the time in
which an act is to be performed shall be computed by excluding the first
Day and including the last.  For the purposes hereof, if the time in which



an act is to be performed falls on a Saturday, Sunday, or any Day observed as an official holiday by the City, the time for performance shall be extended to the following Business Day.

I. "Department" means the Department of Public Works.

J. "Department of Public Health" means the City and County of San Francisco Department of Public Health.

K. "Director" means the Director of the Department or his or her designee.

L. "FCC" means the Federal Communications Commission.

M. "Installation Period" means a time set forth in a Personal Wireless Services Facilities Site Permit for the Permittee to complete the installation permitted therein. Unless otherwise stated in the Permit, the Installation Period shall be ninety (90) Days after the issuance of the Permit.

N. "Order" means these Regulations for Issuing Personal Wireless Services Facilities Site Permits.

O. "Permittee" means a person granted a Personal Wireless Services Facilities Site Permit by the Department under S.F. Administrative Code § 11.9(b) and this Order.

P. "Personal Wireless Services" means commercial mobile radio services, unlicensed wireless services, and common carrier wireless exchange access services.

Q. "Personal Wireless Services Facilities" means antennas, node enclosures, and the equipment within node enclosures that are constructed and installed in the Public Rights-of-Way and are used to provide, or to facilitate the provision of, Personal Wireless Services.

R. "Personal Wireless Services Facilities Site Permit" or "Permit" means a permit issued under this Order as it has been approved, amended, or renewed by the Department.

S. "Planning Department" means the City and County of San Francisco Planning Department.

T. "Public Rights-of-Way" means the area in, on, upon, above, beneath, within, along, across, under, and over the public streets, sidewalks, roads, lanes, courts, ways, alleys, spaces, and boulevards within the

geographic area of the City in which the City now or hereafter holds any property interest, which is dedicated to public use.

U.  "Recreation and Park Department" means the City and County of San Francisco Recreation and Park Department.

V.  "UCP" means a Utility Conditions Permit issued by the Department under S.F. Administrative Code § 11.9(a).

W.  "Utility Poles" means power poles, telephone poles, lighting poles or fixtures, transpiration or traffic poles, other similar poles or fixtures, or other structures located within the Public Rights-of-Way, and may refer to such facilities in the singular or plural, as appropriate to the context in which used.

X.  "Verified Statement" means a statement that is signed and sworn by a person with knowledge.

III.  APPLICATION PROCESS

A.  An application for a Personal Wireless Services Facilities Site Permit shall include:

1.  An application in the form to be provided by the Department, which shall contain the following information:

(a)  Description of the proposed Personal Wireless Services Facilities to be installed;
(b)  Identification of the proposed locations of the existing or new Utility Poles to be used for the Personal Wireless Services Facilities;
(c)  Statement whether, because of the location of proposed Personal Wireless Services Facilities, the approval of the Planning Department or the Recreation and Park Department is required under S.F. Administrative Code § 11.9(b)(2); and
(d)  Name, address, telephone number, facsimile number and electronic-mail address for the Applicant's contact person.

2.  Proof in a form sufficient to the Department that permission to install the proposed Personal Wireless Services Facilities has been obtain from the owners of any existing Utility Poles (if required). Proof that the Applicant is a member in good standing of the Northern California Joint Pole Association will be sufficient for joint Utility Poles.

3.  A statement that any required CEQA approvals for installation of the proposed Personal Wireless Services Facilities have been obtained from the CPUC or the Planning Department, or when such approvals will be obtained.

4.  A Verified Statement from a qualified engineer that human exposure to radio frequency emissions from the proposed Personal Wireless Services Facilities is within the limits established by the FCC.

5.  A location drawing of the proposed Personal Wireless Services Facility in a twenty feet (20') to one inch (1") scale (20:1 scale) showing each of the following:

    (a)  Street name;
    (b)  Names of cross streets;
    (c)  All existing facilities on the Utility Poles (if applicable); and
    (d)  All proposed facilities on the Utility Poles.

B.  A photographic simulation of the proposed Personal Wireless Services Facilities at the proposed locations.

C.  The Department will process an application for a Personal Wireless Services Facilities Site Permit in the manner set forth below:

    1.  The Department shall first determine whether an application for a Personal Wireless Services Facilities Site Permit is complete. An application is complete if the Applicant has provided the Department with all of the information required in Section III.A.

    2.  If the application is not complete, the Department shall notify the Applicant within three (3) Business Days and shall return the application along with the statement of what additional information is required.

    3.  If the application is complete, the Department shall approve the application for a Personal Wireless Services Facilities Site Permit unless the Department determines that: (a) the approval of the Planning Department is required because the proposed location of the Personal Wireless Services Facilities is within an area described in S.F. Administrative Code § 11.9(b)(2)(A); (b) approval of the Recreation and Park Department is required because the proposed location of the Personal Wireless Services Facilities is within an area described in S.F. Administrative Code § 11.9(b)(2)(B); or (c) human exposure to radio frequency emissions

from the proposed Personal Wireless Services Facilities exceeds FCC limits.

4.  If the Department makes the determination set forth in Section III.C.3(a)-(b), the Department shall, within seven (7) Business Days, refer the proposed Personal Wireless Services Facilities to the Planning Department and/or the Recreation and Park Department for review.  If a referral to Planning Department and/or the Recreation and Park Department under Section III.C.3(a)-(b) is not required, the Department will approve the application within five (5) business days of receipt of notice from the Department of Public Health under Section III.C.5 that human exposure to radio frequency emissions from the proposed Personal Wireless Services Facilities is within FCC limits.

5.  Prior to approving an application for a Personal Wireless Services Facilities Permit, the Department will refer the Applicant's Verified Statement concerning human exposure to radio frequency emissions from the proposed Personal Wireless Services Facilities to the Department of Public Health for review as required under S.F. Administrative Code § 11.9(b)(2)(C).  The Department will request that the Department of Public Health make a determination within ten (10) Business Days of receipt of the referral from the Department and the Department will make good faith efforts to ensure compliance with this request.  If the Department of Public Health determines that human exposure to radio frequency emissions exceeds FCC limits, the Department will deny the application with five (5) Business Days of receipt of a determination from the Department of Public Health.

6.  If an application for a Personal Wireless Services Facilities Permit is referred to the Planning Department and/or the Recreation and Park Department, the Planning Department and/or the Recreation and Park Department shall review any proposed location for the Personal Wireless Services Facility as required under S.F. Administrative Code § 11.9(b)(2)(A)-(B).  The Planning Department and/or the Recreation and Park Department shall notify the Department whether the Department should approve or disapprove the application because the location of the proposed Personal Wireless Services Facilities is consistent or inconsistent with the requirements of S.F. Administrative Code § 11.9(b)(2)(A)-(B).  The determination of the Planning Department and/or the Recreation and Park Department shall be binding on the Department.  The Department will request that the Planning Department and/or the Recreation and Park Department make this determination within fifteen (15) Business Days of receipt of the referral from the



Department and the Department will make good faith efforts to ensure compliance with this request.

7.    Within five (5) Business Days of receiving a determination from the Planning Department or the Recreation and Park Department (or from both if required), the Department shall issue a determination granting or denying the application for a Personal Wireless Services Facilities Site Permit.

8.    Notwithstanding the foregoing, the Department will not issue a Personal Wireless Services Facilities Site Permit until the Applicant has obtained any required CEQA approval for the proposed Personal Wireless Services Facilities that might be required from the CPUC or the Planning Department.

## IV.    DURATION/TERM OF PERMIT

A.    Installation of any Personal Wireless Services Facilities authorized by a Personal Wireless Services Facilities Site Permit must be completed within the Installation Period, unless the Director, on the written request of Permittee, extends the Installation Period. Any extension of the Installation Period granted by the Director may be subject to additional special conditions, including, but not limited to, conditions that ensure the timely start and completion of installation. The Director shall inform the Permittee of his or her decision to grant or deny a request for an extension within five (5) Business Days of the request.

B.    If the Permittee fails to obtain an extension of the Installation Period under Section IV.A and instead allows a Personal Wireless Services Facilities Site Permit to lapse, the Permittee must file an application for a new Personal Wireless Services Facilities Site Permit and follow all of the applicable requirements of this Order.

C.    A Personal Wireless Services Facilities Site Permit shall have a term of two (2) years after the Completion Date. At the request of the Permittee, the Director may renew a Permit for two additional two-year periods. Such request must be writing and sent to the Director prior to the expiration of the applicable term.

## V.    APPEAL OF PERMIT APPROVAL OR DENIAL

The Department's approval or denial of a Personal Wireless Services Facilities Site Permit under this Order may be appealed to the Board of Permit Appeals pursuant to S.F. Charter § 4.106(b).

## VI.   APPLICATION AND OTHER FEES

All application and other fees for Personal Wireless Services Facilities Site Permits are set forth in S.F. Administrative Code § 11.9(b)(3).

## VII.   CONSTRUCTION REQUIREMENTS

A.   Permittee shall obtain the required permits, if any, from regulating agencies of the State of California.

B.   Permittee shall contact the Department of Parking and Traffic for traffic requirements prior to beginning construction/installation.

C.   Permittee shall conduct its construction/installation operations in accordance with the requirements of Article 11 of the City's Traffic Code.

D.   Permittee shall be solely responsible for any damage to existing facilities.

## VIII.   INSPECTION/REMOVAL

A.   Within seven (7) Business Days of the Completion Date, Permittee shall notify the Department.

B.   After receipt of notice under Section VIII.A, the Department shall inspect the Personal Wireless Services Facilities to insure that the installation has been in accordance with the Personal Wireless Services Facilities Site Permit in terms of the design and location of the proposed Personal Wireless Services Facilities.

C.   If the Department determines after an inspection that any Personal Wireless Services Facilities have been installed in a manner that is not in accordance with the Personal Wireless Services Facilities Site Permit, the Department shall issue a notice of deficiency and may require Permittee to take corrective action including, but not limited to, removing the non-compliant Personal Wireless Services Facilities.

D.   The Department will issue a notice of deficiency within ten (10) Business Days after receipt of the notice from Permittee required under Section VIII.A.  If Permittee fails to provide the required notice, the Department may issue a notice of deficiency at such time as the Department learns of the deficiency.

E.   Along with the notification required under Section VIII.A, Permittee shall provide the Department with confirmation that the radio frequency emissions from the installed Personal Wireless Services Facilities are in



accordance with information provided in the Verified Statement submitted to the Department along with an application for a Personal Wireless Services Facilities Site Permit.

F.    If at any time the Department has reason to believe that the radio frequency emissions from the installed Personal Wireless Services Facilities are not in accordance with the Verified Statement submitted to the Department along with an application for a Personal Wireless Services Facilities Site Permit, the Department shall consult with the Department of Public Health and/or may require the Applicant to provide additional proof of compliance. Permittee's failure to limit the radio frequency emissions from a Personal Wireless Services Facility to that identified in the Verified Statement shall be a basis for the Department to issue a notice of deficiency and to require Permittee to take corrective action including, but not limited to, removing the non-compliant Personal Wireless Services Facilities.

## IX.    COMPLIANCE WITH APPLICABLE LAW

Permittee shall comply with all Applicable Law related to Permittee's use of the Public Rights-of-Way for the construction of Personal Wireless Services Facilities.

## X.    DEPOSIT

Permittee's deposit required under S.F. Public Works Code § 2.4.40 shall be available to the Department to secure the faithful performance of the obligations of Permittee under any Personal Wireless Services Facilities Site Permit. If Permittee has not made such a deposit, Permittee shall submit and maintain with the Department a bond, cash deposit, or other security acceptable to the Department securing the faithful performance of the obligations of Contractor and its agent under any Permit issued under this Order. The deposit shall be in the sum of twenty-five thousand ($25,000) in favor of the "Department of Public Works, City and County of San Francisco." If the Director has deducted from any amounts such a deposit pursuant to this Order, Permittee must restore the full amount of the deposit prior to the Department's issuance of a subsequent Permit.

RECOMMENDED:                              APPROVED:

_____                _____
Barbara Moy, Bureau Manager              Fred V. Abadi, Ph.D. Bureau of
Street-Use and Mapping                   Director of Public Works

Dated:  October 3, 2007                   Dated:  October 3, 2007

Distribution

<u>Return to B.S.M. – D. McKenna, Room 410, 875 Stevenson St., (1-signed)</u>
<u>Outside of B.S.M.</u>
Dep't Files (2)
Brian Roberts, DTIS
Jonas Ionin, Planning

EXHIBIT C

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  THERESA L. MUELLER, State Bar #172681
   Chief Energy and Telecommunications Deputy
3  WILLIAM K. SANDERS, State Bar #154156
   THOMAS J. LONG, State Bar #124776
4  Deputy City Attorneys
   City Hall, Room 234
5  1 Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
6  Telephone:    (415) 554-6548
   Facsimile:    (415) 554-4757
7  E-Mail:       thomas.long@sfgov.org

8  Attorneys for Defendants
   THE CITY AND COUNTY OF SAN FRANCISCO and
9  THE DEPARTMENT OF PUBLIC WORKS OF THE
   CITY AND COUNTY OF SAN FRANCISCO

10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13               SAN FRANCISCO DIVISION

14

15  NEXTG NETWORKS OF CALIFORNIA,        Case No. CV-08-0985-MHP
    INC., a Delaware corporation,
16                                       NOTICE OF MANUAL FILING OF
            Plaintiff,                   EXHIBIT C TO THE DECLARATION
17                                       OF DANIEL MCKENNA
        vs.                              (RECREATION AND PARK
18                                       DEPARTMENT MAP)
    THE CITY AND COUNTY OF SAN
19  FRANCISCO and THE DEPARTMENT         Hearing Date:  June 9, 2008
    OF PUBLIC WORKS OF THE CITY OF       Time:          2:00 p.m.
20  SAN FRANCISCO,                       Place:         Courtroom 15

21          Defendants.

22

23  REGARDING:   EXHIBIT C TO THE DECLARATION OF DANIEL MCKENNA

24         This filing is in paper form and is being maintained in the case file in the Clerk's Office.  If

25  you are a participant in this case, this filing will be served shortly.

26         For information on retrieving this filing directly from the court, please see the court's main

27  web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

28

1         This filing was not e-filed because it is a voluminous document, *i.e.*, the PDF file size is larger

2   than efiling system allowances.

3

4   Dated: April 28, 2008                     DENNIS J. HERRERA

                                       City Attorney

5                                        THERESA L. MUELLER

                                     Chief Energy and Telecommunications Deputy

6                                        WILLIAM K. SANDERS

                                     THOMAS J. LONG

7                                        Deputy City Attorneys

8

9                        By: _____/s/_____

10                                       THOMAS J. LONG

11                                       Attorneys for Defendants

                                     THE CITY AND COUNTY OF SAN FRANCISCO and

12                                       THE DEPARTMENT OF PUBLIC WORKS OF THE

                                     CITY AND COUNTY OF SAN FRANCISCO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT D

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  THERESA L. MUELLER, State Bar #172681
   Chief Energy and Telecommunications Deputy
3  WILLIAM K. SANDERS, State Bar #154156
   THOMAS J. LONG, State Bar #124776
4  Deputy City Attorneys
   City Hall, Room 234
5  1 Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
6  Telephone:     (415) 554-6548
   Facsimile:     (415) 554-4757
7  E-Mail:        thomas.long@sfgov.org

8  Attorneys for Defendants
   THE CITY AND COUNTY OF SAN FRANCISCO and
9  THE DEPARTMENT OF PUBLIC WORKS OF THE
   CITY AND COUNTY OF SAN FRANCISCO

10

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                      SAN FRANCISCO DIVISION

14

15  NEXTG NETWORKS OF CALIFORNIA,        Case No. CV-08-0985-MHP
    INC., a Delaware corporation,
16                                        **NOTICE OF MANUAL FILING OF
                  Plaintiff,              EXHIBIT D TO THE DECLARATION
17                                        OF DANIEL MCKENNA
            vs.                           (PLANNING DEPARTMENT MAP)**
18  THE CITY AND COUNTY OF SAN
    FRANCISCO and THE DEPARTMENT          Hearing Date:   June 9, 2008
19  OF PUBLIC WORKS OF THE CITY OF        Time:           2:00 p.m.
    SAN FRANCISCO,                        Place:          Courtroom 15
20
                  Defendants.
21

22

23  REGARDING:   EXHIBIT D TO THE DECLARATION OF DANIEL MCKENNA

24        This filing is in paper form and is being maintained in the case file in the Clerk's Office.  If

25  you are a participant in this case, this filing will be served shortly.

26        For information on retrieving this filing directly from the court, please see the court's main

27  web site at http://www.cand.uscourts.gov under Frequently Asked Questions (FAQ).

28

NOTICE OF MANUAL FILING                    1                n:\energy\li2008\080957\00480962.doc
CV-08-0985-MHP

1         This filing was not e-filed because it is a voluminous document, *i.e.*, the PDF file size is larger

2    than efiling system allowances.

3

4    Dated: April 28, 2008                    DENNIS J. HERRERA

5                                     City Attorney
                                 THERESA L. MUELLER

6                                     Chief Energy and Telecommunications Deputy
                                 WILLIAM K. SANDERS

7                                     THOMAS J. LONG
                                 Deputy City Attorneys

8

9                                 By: _____ /s/ _____

10                                     THOMAS J. LONG

11                                    Attorneys for Defendants
                                 THE CITY AND COUNTY OF SAN FRANCISCO and

12                                    THE DEPARTMENT OF PUBLIC WORKS OF THE
                                 CITY AND COUNTY OF SAN FRANCISCO

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

0 100 200 400
Feet

# WIRELESS PERMIT PROJECT
# BLOW-UP DETAIL

**RESOURCE**

- California Register Listed and Eligible Buildings and Districts
- Here Today and 1976 Arch Surveys
- Locally Significant Buildings and Districts
- National Register Listed and Eligible Buildings and Districts
- San Francisco Conservation Districts and Significant Buildings
- San Francisco Landmarks and Districts

- ^ Structures of Merit
- Path of Gold
- Important Streets
- Significant Streets
- Excellent Streets
- Good Streets



0 100 200 400
Feet

# WIRELESS PERMIT PROJECT
# BLOW-UP DETAIL

^ Structures of Merit
Path of Gold
Important Streets
Significant Streets
Excellent Streets
Good Streets
Cultural Resource





EXHIBIT G

Case 3:08-cv-00985-MHP     Document 15-8     Filed 04/28/2008     Page 2 of 7
Case 3:05-cv-04056-SI     Document 123     Filed 04/02/2008     Page 1 of 6
**Exhibit B to UCP**

Exhibit B

Utility Pole Location Maps:  Facilities to be located on up to 14 existing utility poles on the streets marked in Green on each of the following maps.

Map B-1. Mid Richmond
A rectangular area, approximately 3700 feet long and 4700 feet tall bordered by 30th street on the west, Fulton Street on the South, 17th Street on the East and Lake St. on the North.

Map B-2. Mid Potrero
A square area, approximately 3,800 feet on a side with corners located near 17th & Kansas, 24th & De Haro, 23rd & Tennessee, and 16th & 3rd.

Map B-3. Clarendon Heights
A rectangular area, approximately 4000 by 5000 feet with corners located near the westernmost end of Mountain Springs Ave, Teresita Blvd  & Fowler Av., Diamond Heights Blvd & Gold Mine Dr, and Eureka St. & 19th St.

Map B-4. Miraloma
A rectangular area, approximately 3000 by 5500 feet with corners located near Agua Way & Chaves Av., Melrose Av. & Mangels Av., Bosworth St. & Arlington St., and 30th St. & Laidley St.

Map B-5. Westwood Park
A square area about 4800 feet per side with corners located near Darren Way & Santa Ana Av., Ralston St. & Garfield St., Howeth St. and Mt. Vernon Av., and Monterey Blvd & Gennessee St.



## B-1: Mid Richmond

 - Public ROW for possible DAS location

NOTE: Map based upon available official S.F. maps of historic sites, parks, and scenic resources and anticipated interpretation of pending revisions to Section 11 of the S.F. Administrative Code.



# B-2: Mid Potrero

- Public ROW for possible DAS location

NOTE: Map based upon available official S.F. maps of historic sites, parks, and scenic resources and anticipated interpretation of pending revisions to Section 11 of the S.F. Administrative Code.



## B-3: Clarendon Heights

■■■■ - Public ROW for possible DAS location

NOTE: Map based upon available official S.F. maps of historic sites, parks, and scenic resources and anticipated interpretation of pending revisions to Section 11 of the S.F. Administrative Code.



- Public ROW for possible DAS location

NOTE: Map based upon available official S.F. maps of historic sites, parks, and scenic resources and anticipated interpretation of pending revisions to Section 11 of the S.F. Administrative Code.

B-4: Miraloma



- Public ROW for possible DAS location

NOTE: Map based upon available official S.F. maps of historic sites, parks, and scenic resources and anticipated interpretation of pending revisions to Section 11 of the S.F. Administrative Code.

B-5: Westwood Park