MARTIN L. FINEMAN, State Bar No. 104413
SUZANNE TOLLER, State Bar No. 129903
DAVIS WRIGHT TREMAINE LLP
505 Montgomery St., Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
martinfineman@dwt.com

T. SCOTT THOMPSON, *pro hac vice*
JOHN R. EASTBURG, State Bar No. 247380
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W., Suite 200
Washington, D.C. 20006
Telephone 202-973-4200
Facsimile: 202-973-4499
ScottThompson@dwt.com

ROBERT L. DELSMAN, State Bar No. 142376
NEXTG NETWORKS, INC.
2216 O'Toole Avenue
San José, California 95131

Attorneys for Plaintiff
NextG Networks of California, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTG NETWORKS OF CALIFORNIA, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO AND THE DEPARTMENT OF PUBLIC WORKS OF THE CITY OF SAN FRANCISCO,<br><br>    Defendants. | No. CV 08 0985 MHP<br><br>**PLAINTIFF NEXTG'S EVIDENTIARY OBJECTIONS FILED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date: June 9, 2008<br>Time: 2:00 p.m.<br>Courtroom 15, 18th Floor<br>Before the Honorable Marilyn Hall Patel<br><br>Action Filed: February 15, 2008 |

1    Plaintiff NextG Networks of California, Inc. ("NextG") hereby respectfully submits the following objections to the declarations submitted by Defendants City and County of San Francisco and the Department of Public Works of the City of San Francisco (the "City") in support of the City's Motion for Summary Judgment. For the following reasons, the Declarations, to the extent identified, should be stricken from the record.

## I.    DECLARATION OF DANIEL LAFORTE

**FRE 701, 702, 703, 705: Improper Opinion Testimony**

(Paragraph 3)

Paragraph 3 of Mr. LaForte's Declaration consists wholly of his legal opinion that, pursuant to Ordinance No. 214-07, reviews would be conducted at a staff level without any hearings. The City's Ordinance No. 214-07 does not state that no hearings will be held. Thus, Mr. LaForte's statements are inadmissible legal conclusions based on his interpretation of the City's Ordinance. They are, therefore, argument, not evidence.

"[E]xpert testimony is not proper for issues of law because the role of experts is to interpret and analyze factual evidence and not to testify about the law." *McHugh v. United Service Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) (citation omitted). Moreover, the City has not qualified Mr. LaForte as an expert regarding City regulations and procedures nor provided any basis for such a finding. And, to the extent that the City attempts to offer Mr. LaForte's declaration as expert testimony, it lacks the notice, report, and other safeguards required by Fed. R. Civ. Proc. 26(a)(2).

Therefore, his statements must be viewed as an expression of a lay opinion. It is well established that legal conclusions offered by lay witnesses must be excluded. *See, e.g., McHugh*, 164 F.3d at 454 (lay witness testimony interpreting insurance policy excluded); *Smith v. Wal-Mart Stores, Inc.*, 167 F.3d 286, 295 (6th Cir. 1999) (lay witness testimony purporting to interpret building codes excluded); *Askanase v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997) (lay witness not permitted to testify that corporate directors breached fiduciary duty). Mr. LaForte's lay opinions regarding the City's ordinances and procedures must be excluded.

## II. DECLARATION OF AMIT GHOSH

**FRE 701, 702, 703, 705, 408: Improper Opinion Testimony**

(Paragraphs 3-17, 21-25)

Plaintiff objects to Mr. Ghosh's Declaration for the reasons discussed above in relation to the testimony of Mr. LaForte. Indeed, paragraph 25 of Mr. Ghosh's declaration is virtually identical to paragraph 3 in Mr. LaForte's declaration. The City has not qualified Mr. Ghosh as an expert regarding City regulations and procedures nor provided any basis for such a finding. Therefore, his statements are impermissible lay opinion on a legal issue. NextG does not object to or move to strike paragraphs 18-20, in which Mr. Ghosh admits that he and his colleagues intend to apply impermissible and inconsistent standards when evaluating applications.

NextG also objects to paragraphs 3, 4, 5, and 7 of the Declaration on the grounds that they involve testimony revealing communications made during settlement discussions, and appear to suggest implications regarding NextG based on what may have been discussed during such settlement discussions. Such testimony is inadmissible under F.R.E. 408 and should be stricken.

## III. DECLARATION OF DANIEL MCKENNA

**FRE 701, 702, 703, 705: Improper Opinion Testimony**

(Paragraph 28)

Paragraph 28 is a legal conclusion about the requirement for a hearing under the ordinance. For the reasons discussed with regard to Mr. Laforte and Ghosh, Plaintiff objects and moves that it be stricken. His statements are impermissible lay opinion on a legal issue.

Dated: April 03, 2008.

                                              Respectfully Submitted,

                                              **DAVIS WRIGHT TREMAINE LLP**

By: /s/_____
     Martin L. Fineman
Attorneys for Plaintiff
NextG Networks of California, Inc.

2