MARTIN L. FINEMAN, State Bar No. 104413
SUZANNE TOLLER, State Bar No. 129903
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Ste. 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599

T. SCOTT THOMPSON, *pro hac vice*
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, N.W.
Suite 200
Washington, D.C. 20006
Telephone 202-973-4200
Facsimile: 202-973-4499

Attorneys for Plaintiff
NextG Networks of California, Inc.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTG NETWORKS OF CALIFORNIA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF SAN FRANCISCO and THE DEPARTMENT OF PUBLIC WORKS OF THE CITY OF SAN FRANCISCO,<br><br>Defendants. | **No. C 08 0985-MHP**<br><br>**DECLARATION OF ROBERT A. ALFORD IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: June 9, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 15 |

I, Robert A. Alford, declare and state as follows:

1. I am a Project Manager for NextG Networks of California, Inc. ("NextG"). I make this Declaration in support of NextG's Opposition to Defendant City's Motion for Summary Judgment ("Motion") in the above captioned action. Unless otherwise indicated, I know the following of my own personal knowledge, and if called as a witness in this action, I could and would testify competently to these facts under oath.

2. As a Project Manager for NextG, I am involved in the design and implementation of NextG's

1 network deployment in fulfillment of the company's customer contracts and oversee associated
2 construction issues.  I have held this position with NextG for one and half years.

3       3.   Prior to my employment with NextG, I worked in telecommunications project management
4 for AT&T, TCG and Metromedia Fiber Networks, among other companies.  In total, I have over sixteen
5 years of telecommunications project management and construction experience in the San Francisco Bay
6 area.

7       4.   Declarant Daniel McKenna states in Support of the City's Motion for Summary Judgment
8 that based on a filing made by NextG with the California Public Utilities Commission, which he does
9 not identify, the City located 30 Nodes previously installed by NextG in the City and that the
10 Department of Public Works ("DPW") "could have approved 20 without any referral to either [the
11 Planning Department or the Recreation and Park Department].  DPW would have referred the other ten
12 to the Planning Department because they are located on streets with excellent views." Mr. McKenna
13 states in his declaration that "DPW does not know the exact location of all of [NextG's] facilities" and
14 based his conclusion on "an application that NextG filed with the California Public Utilities Commission
15 in which NextG identified 32 potential locations for its facilities."  Mr. McKenna does not identify the
16 CPUC filing that he based his analysis upon, so NextG cannot verify that his conclusions with regard to
17 the particular sitings that he refers to are accurate.  Moreover, I am aware that the Node location
18 descriptions provided in many CPUC filings do not give precise information.  In most cases, the location
19 descriptions are general, such as locating the intersections and cross streets where a particular pole is
20 located.  Accordingly, the scenario that I describe herein with regard to the intersection of La Playa and
21 Lincoln Way illustrates why it is impossible for Mr. McKenna to say with certainty that only 10 of
22 NextG's previously installed Nodes would be referred to the Planning Department or the Recreation and
23 Parks Department for Review.

24       5.   In order to evaluate whether NextG's planned upcoming Node deployments would be
25 referred to Planning under the City's new Ordinance and scheme, I have reviewed the map provided by
26 DPW to NextG as part of Mr. McKenna's Declaration, indicating the locations in the City for which
27 Node placement by NextG would require the approval of either the Planning Department or the
28 Recreation and Park Department.

2

Alford Declaration
WDC 738852v1 0058588-000003

6. The markings on the map are ambiguous and will require interpretation by DPW. The map categorizes Wireless Permit areas by color coding and pattern marks. It is my understanding, for example, that light purple and hot pink highlighted areas will require referral to the Planning Department or the Recreation and Park Department. However, at many locations, particularly where shaded and unshaded streets intersect, it is impossible to determine for certain whether an installation would be referred to Planning. For instance, the intersection of La Playa and Lincoln Way is located on the far left (West) portion of the map. Lincoln Way is color coded hot pint at the intersection, indicating that Node placement would require Planning Department review. However, La Playa is not color coded at the intersection. If a Node is located at that intersection, but the precise pole location is fifteen feet down La Playa in a southerly direction, there is no way for NextG to know whether or not that placement would require Planning Department review. NextG may believe that it would not require Planning Department review, as it would appear to be on the un-highlighted La Playa block, but DPW may interpret the intersection differently. There are numerous other similar areas of the map for which DPW necessarily will exercise discretion to determine whether the additional level of review does or does not apply.

7. Nonetheless, to the best of my ability given the inherent ambiguities in some locations on the map, I have evaluated the locations of Nodes that I am aware NextG plans to deploy in the near future in order to serve customer orders. Specifically, NextG has two different customer orders to be met in the near future. One of the projects will involve approximately 17 Nodes. Based on my review of the City's map, of those 17 Nodes, 13 appear to be at locations that are on streets deemed to have "good" or "excellent" views and thus subject to referral to the Planning Department. The other project involves approximately 18 Nodes, and based on my review of the City's map, of those 18 Nodes, 9 appear to be at locations that are on streets deemed to have "good" or "excellent" views and thus subject to referral to the Planning Department.

3

Alford Declaration
WDC 738852v1 0058588-000003

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this Declaration was executed by me on 5/15, 2008.

*Robert A. Alfrod* (signature)

Robert A. Alfrod

Alford Declaration
WDC 738852v1 0058588-000003