LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE   BELLEVUE   LOS ANGELES   NEW YORK   PORTLAND   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

| T. SCOTT THOMPSON | SUITE 200 | TEL (202) 973-4200 |
| DIRECT (202) 973-4208 | 1919 PENNSYLVANIA AVE NW | FAX (202) 973-4499 |
| scottthompson@dwt.com | WASHINGTON, DC 20006 | www.dwt.com |

May 19, 2008

Hon. Marilyn Hall Patel
Courtroom 15, 18th Floor
United States Courthouse
450 Golden Gate Ave.
San Francisco, CA 94102

Re:   *NextG Networks of California, Inc. v. City and County of San Francisco, et. al*
      Case No. CV 08 0985 MHP – Notice of Supplemental Authority

Dear Judge Patel:

     We represent NextG Networks of California, Inc. ("NextG") in the above referenced case. This letter is written to bring supplemental authority to the Court's attention. In its Motion For Judgment On The Pleadings, NextG cited *Sprint Telephony v. County of San Diego*, 490 F.3d 700 (9th Cir. 2007), as one of several cases in which courts have preempted local regulations that prohibit or may have the effect of prohibiting the provision of telecommunications services in violation of 47 U.S.C. § 253. Defendants likewise relied on *Sprint Telephony* in their Motion For Summary Judgment.

     On May 14, 2008, the Ninth Circuit issued an order granting a petition to rehear *Sprint Telephony, en banc*. *Sprint Telephony v. County of San Diego*, 2008 WL 2051371 (9th Cir. May 14, 2008). Although the Court's decision to rehear a case *en banc* constitutes neither an affirmation nor a rejection of the panel opinion, the three-judge panel opinion may not be cited as precedent. *See Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1187 n.8 (9th Cir. 2001) (*en banc*) ("A court's decision to rehear a case *en banc* effectively means that the original three-judge

Hon. Marilyn Hall Patel
May 19, 2008
Page 2



panel never existed …. The *en banc* court does not review the original panel decision, nor does it overrule the original panel decision.").

NextG filed its Opposition to Defendants' Motion for Summary Judgment on May 15, 2008, the day after the Ninth Circuit order. NextG did not cite to the panel opinion in *Sprint Telephony*. It did note, when citing the district court opinion in that case, that the Ninth Circuit has decided to rehear the appeal *en banc*.

As is clear from its Motion for Judgment On The Pleadings and as NextG further will make clear in its forthcoming Reply in Support of its Motion, the decision to rehear, *en banc*, *Sprint Telephony* does not materially alter the analysis of this case. Many courts have issued decisions striking down similar local regulations as preempted by Section 253 of the Federal Communications Act, including the Ninth Circuit in *City of Auburn v. Qwest Corp.*, 260 F.3d 1160 (9th Cir. 2001) and *Qwest Communications v. City of Berkeley*, 433 F.3d 1253 (9th Cir. 2006). Nevertheless, NextG submits this letter to bring the matter to the Court's attention.

Very truly yours,

Davis Wright Tremaine LLP

T. Scott Thompson

Counsel for NextG Networks of California, Inc.

Cc: Thomas Long, Counsel For Defendants