1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  THERESA L. MUELLER, State Bar #172681
   Chief Energy and Telecommunications Deputy
3  WILLIAM K. SANDERS, State Bar #154156
   THOMAS J. LONG, State Bar #124776
4  Deputy City Attorneys
   City Hall, Room 234
5  1 Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
6  Telephone:    (415) 554-6548
   Facsimile:    (415) 554-4757
7  E-Mail:    thomas.long@sfgov.org

8  Attorneys for Defendants
   THE CITY AND COUNTY OF SAN FRANCISCO and
9  THE DEPARTMENT OF PUBLIC WORKS OF THE
   CITY AND COUNTY OF SAN FRANCISCO

10

11                 UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

15  NEXTG NETWORKS OF CALIFORNIA,        Case No. CV-08-0985-MHP
    INC., a Delaware corporation,
16                                        **REPLY DECLARATION OF DANIEL
                  Plaintiff,              MCKENNA IN SUPPORT OF
17                                        DEFENDANTS' MOTION FOR
           vs.                            SUMMARY JUDGMENT**
18
    THE CITY AND COUNTY OF SAN           Hearing Date:    June 9, 2008
19  FRANCISCO and THE DEPARTMENT         Time:            2:00 p.m.
    OF PUBLIC WORKS OF THE CITY OF       Place:           Courtroom 15
20  SAN FRANCISCO,

21                Defendants.

22

23         I, Daniel McKenna, being duly sworn, declare:

24         1.   I am employed by the City and County of San Francisco ("City") as the Deputy

25  Bureau Manager of the Bureau of Street-use and Mapping, which is part of the Department of Public

26  Works ("DPW"). I submit this reply declaration in support of the City's motion for summary

27  judgment. I have personal knowledge of the matters stated herein, and if called as a witness could

28  testify competently thereto.

1    2. As I stated in my declaration in support of the City's motion ("Opening

2 Declaration"), in reviewing applications for personal wireless service facilities site permits ("Wireless

3 Permits") under San Francisco Administrative Code § 11.9.(b) DPW will not exercise any discretion

4 in determining whether the application must be reviewed by the Planning or the Recreation and Park

5 Departments.  It is simply a matter of reviewing the proposed location for the wireless facility and

6 determining whether that location is one that requires Planning and/or Recreation and Park

7 Department approval under S.F. Administrative Code  § 11.9.(b)(2) and DPW Order No. 177,163, §§

8 III.D.4 and III.D.5.

9    3. To make the determination of whether Planning Department review is required, DPW

10 will use the PDF and MapView maps I referred to in my Opening Declaration (¶¶ 17-23).  As I also

11 stated in my Opening Declaration, these maps are fully available to NextG and other potential

12 applicants. (¶¶ 18, 21).

13    4. To make the determination of whether Recreation and Park Department review is

14 required, DPW will consult a map showing all of the locations that are subject to review by the Park

15 and Recreation Department.  (¶ 12).

16    5. As I also stated in my Opening Declaration (¶ 19), DPW prepared the Planning

17 Department maps (the PDF and MapView versions) from information contained in databases that the

18 Planning Department provided to DPW.  Those databases contain the parcel numbers and/or street

19 segments of all of the City's scenic, historic or architectural resources ("protected locations").  The

20 MapView maps clearly show the parcel numbers and street segments that the City has identified as

21 protected locations.  An enlarged portion of a MapView map is attached as Exhibit F to my Opening

22 Declaration.

23    6. I have read the declaration that Robert A. Alford submitted in support of the

24 opposition of NextG Networks of California, Inc. (NextG) to the City's motion ("Alford Dec.").

25 After apparently reviewing the PDF map only, Mr. Alford asserts that the "markings on the map are

26 ambiguous and will require interpretation by DPW." (¶ 6.)  He then speculates that DPW might refer

27 applications for Wireless Permits to the Planning Department if the proposed wireless facilities would

28 be located *near* a street segment that is a protected location. (¶ 6.)  In particular, Mr. Alford states

1    that DPW may require Planning Department approval if a utility pole that NextG intends to use for a

2    wireless facility is located *fifteen feet from a street segment* that is a protected location.  (¶ 6.)

3        7.    In claiming that the map is ambiguous, Mr. Alford has ignored the fact that the

4    MapView map, which he apparently failed to consult, identifies the parcel number and street segment

5    addresses of all of the City's protected locations.  DPW can resolve any ambiguity as to whether a

6    proposed location is a protected location by referring to the MapView map.  Mr. Alford's speculation

7    as to what DPW might do when reviewing an application of a Wireless Permit is simply wrong.

8    DPW will use the PDF and MapView maps to review whether a proposed wireless facility – as

9    identified in the application – is located either on a street segment that requires Planning Department

10   approval (because it is a historic or scenic resource) or is in front of or adjacent to a building that

11   requires Planning Department approval (because it is a historic or architectural resource).  DPW will

12   refer the application to the Planning Department only if the proposed location for the wireless facility

13   is a protected location.  If an applicant for a Wireless Permit cannot determine from the DPW maps

14   whether Planning Department approval would be required, DPW is willing to meet with the applicant

15   *prior to filing the application* so that the applicant and DPW can jointly determine whether the

16   proposed location is within a protected area.

17       8.    Under S.F. Administrative Code § 11.9(a), telecommunications carriers must obtain

18   utility conditions permits ("UCPs") before installing any telecommunications facilities in the public

19   rights-of-way.  As set forth in § 11.9(a)(1), the only requirement for obtaining a UCP is proof that the

20   applicant is authorized to "occupy the Public Rights-of-Way pursuant to California Public Utilities

21   Code Section 7901."  Carriers like NextG that are certificated by the California Public Utilities

22   Commission ("CPUC") can prove "their legal right to occupy and use the Public Rights-of-Way by

23   providing the Department of Public Works a copy of their current . . . certificate of public

24   convenience and necessity issued by the CPUC."  Wireless carriers, like NextG's customers, can

25   establish their authority by showing they are licensed by the Federal Communications Commission to

26   provide wireless services in San Francisco.

27       9.    The UCPs the City will issue to all telecommunications carriers are ~~virtually~~

28   substantially the same.  The only substantial differences concern the application of the California

McKENNA REPLY DECLARATION                       3
CV-08-0985-MHP

1    Environmental Quality Act ("CEQA") to different types of carriers. The reason for those differences

2    is that NextG and other carriers certificated by the CPUC go to the CPUC for CEQA approval, while

3    wireless carriers must go to the City for CEQA approval. Furthermore, I am informed and believe

4    that the CPUC has granted different types of CEQA approval to different types of carriers.

5        10.    The UCP requirement was added to the S.F. Administrative Code in April 2000.

6    Since then, I am informed and believe that the City has issued numerous UCPs. To my knowledge,

7    no telecommunications carrier has ever sued the City challenging any terms and conditions of the

8    UCPs. In fact, NextG's lawsuit against the City in 2005 called on the City to issue NextG a UCP. As

9    a result of that suit, this Court ordered the City to issue NextG a UCP as NextG requested. DPW

10   subsequently issued NextG that UCP.

11       11.    At that time of NextG's 2005 lawsuit, DPW would not issue UCPs to carriers like

12   NextG that had limited facilities-based authority from the CPUC. That is no longer DPW's practice.

13   In any event, I am informed and believe that the CPUC has now granted NextG full facilities-based

14   authority. If NextG applies for a UCP following the expiration of NextG's Court-ordered UCP, DPW

15   will issue a new UCP to NextG, as DPW has done with other entities that compete with NextG and

16   have similar authority from the CPUC.

17       12.    In my Opening Declaration, I referred to an application that NextG filed with the

18   California Public Utilities Commission ("CPUC") in which NextG identified 32 potential locations

19   for wireless facilities in San Francisco. (¶ 25.) I analyzed those locations to determine how many

20   would be subject to review by the Planning or Recreation and Park Departments. I determined that of

21   the 30 locations I could identify, 20 did not require such review. (¶ 26.)

22       13.    Mr. Alford states in his declaration (¶ 4) that he cannot verify my analysis because he

23   cannot determine the CPUC submission on which I relied. I presented the exact same analysis and

24   conclusion in a declaration that I signed and that the City filed in this Court on December 3, 2007 in

25   support of the City's motion for clarification of this Court's order in *NextG Networks of California,*

26   *Inc. v. City of San Francisco* (Case No. C-05-0658 (MHP)).

27       14.    In that 2007 declaration, I identified the document on which I relied – a Notice of

28   Proposed Construction dated March 19, 2007 that NextG filed with the CPUC. A copy of that

document was attached to a declaration signed by Deputy City Attorney William K. Sanders and filed by the City on December 3, 2007 in support of the City's motion for clarification. That same document is attached to this declaration as Exhibit A. Mr. Alford also states in paragraph 4 that, based on his general knowledge of NextG filings to the CPUC, the pole locations are not identified with sufficient precision to determine whether they trigger Planning Department review. Exhibit A shows that most locations are identified with a street address and that, when intersections are described, directional coordinates or other information are provided to identify the location. Based on the information provided in Exhibit A, DPW was able to determine which locations would have required Planning or Recreation and Park Department review.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, executed this 23rd day of May, 2008 at San Francisco, California.

DANIEL McKENNA

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  THERESA L. MUELLER, State Bar #172681
   Chief Energy and Telecommunications Deputy
3  WILLIAM K. SANDERS, State Bar #154156
   THOMAS J. LONG, State Bar #124776
4  Deputy City Attorneys
   City Hall, Room 234
5  1 Dr. Carlton B. Goodlett Place
   San Francisco, California 94102-4682
6  Telephone:    (415) 554-6548
   Facsimile:    (415) 554-4757
7  E-Mail:        thomas.long@sfgov.org

8  Attorneys for Defendants
   THE CITY AND COUNTY OF SAN FRANCISCO and
9  THE DEPARTMENT OF PUBLIC WORKS OF THE
   CITY AND COUNTY OF SAN FRANCISCO

10

11                UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

15  NEXTG NETWORKS OF CALIFORNIA,          Case No. CV-08-0985-MHP
    INC., a Delaware corporation,
16                                          **REPLY DECLARATION OF DANIEL
                Plaintiff,                   MCKENNA IN SUPPORT OF
17                                           DEFENDANTS' MOTION FOR
           vs.                               SUMMARY JUDGMENT**
18
    THE CITY AND COUNTY OF SAN              Hearing Date:   June 9, 2008
19  FRANCISCO and THE DEPARTMENT            Time:            2:00 p.m.
    OF PUBLIC WORKS OF THE CITY OF         Place:           Courtroom 15
20  SAN FRANCISCO,
21              Defendants.

22

23         I, Daniel McKenna, being duly sworn, declare:

24         1.  I am employed by the City and County of San Francisco ("City") as the Deputy

25  Bureau Manager of the Bureau of Street-use and Mapping, which is part of the Department of Public

26  Works ("DPW").  I submit this reply declaration in support of the City's motion for summary

27  judgment.  I have personal knowledge of the matters stated herein, and if called as a witness could

28  testify competently thereto.

1        2.    As I stated in my declaration in support of the City's motion ("Opening

2  Declaration"), in reviewing applications for personal wireless service facilities site permits ("Wireless

3  Permits") under San Francisco Administrative Code § 11.9.(b) DPW will not exercise any discretion

4  in determining whether the application must be reviewed by the Planning or the Recreation and Park

5  Departments.  It is simply a matter of reviewing the proposed location for the wireless facility and

6  determining whether that location is one that requires Planning and/or Recreation and Park

7  Department approval under S.F. Administrative Code  § 11.9.(b)(2) and DPW Order No. 177,163, §§

8  III.D.4 and III.D.5.

9        3.    To make the determination of whether Planning Department review is required, DPW

10  will use the PDF and MapView maps I referred to in my Opening Declaration (¶¶ 17-23).  As I also

11  stated in my Opening Declaration, these maps are fully available to NextG and other potential

12  applicants. (¶¶ 18, 21).

13        4.    To make the determination of whether Recreation and Park Department review is

14  required, DPW will consult a map showing all of the locations that are subject to review by the Park

15  and Recreation Department.  (¶ 12).

16        5.    As I also stated in my Opening Declaration (¶ 19), DPW prepared the Planning

17  Department maps (the PDF and MapView versions) from information contained in databases that the

18  Planning Department provided to DPW.  Those databases contain the parcel numbers and/or street

19  segments of all of the City's scenic, historic or architectural resources ("protected locations").  The

20  MapView maps clearly show the parcel numbers and street segments that the City has identified as

21  protected locations.  An enlarged portion of a MapView map is attached as Exhibit F to my Opening

22  Declaration.

23        6.    I have read the declaration that Robert A. Alford submitted in support of the

24  opposition of NextG Networks of California, Inc. (NextG) to the City's motion ("Alford Dec.").

25  After apparently reviewing the PDF map only, Mr. Alford asserts that the "markings on the map are

26  ambiguous and will require interpretation by DPW."  (¶ 6.)  He then speculates that DPW might refer

27  applications for Wireless Permits to the Planning Department if the proposed wireless facilities would

28  be located *near* a street segment that is a protected location.  (¶ 6.)  In particular, Mr. Alford states

1  that DPW may require Planning Department approval if a utility pole that NextG intends to use for a

2  wireless facility is located *fifteen feet from a street segment* that is a protected location.  (¶ 6.)

3         7.   In claiming that the map is ambiguous, Mr. Alford has ignored the fact that the

4  MapView map, which he apparently failed to consult, identifies the parcel number and street segment

5  addresses of all of the City's protected locations.  DPW can resolve any ambiguity as to whether a

6  proposed location is a protected location by referring to the MapView map.  Mr. Alford's speculation

7  as to what DPW might do when reviewing an application of a Wireless Permit is simply wrong.

8  DPW will use the PDF and MapView maps to review whether a proposed wireless facility – as

9  identified in the application – is located either on a street segment that requires Planning Department

10  approval (because it is a historic or scenic resource) or is in front of or adjacent to a building that

11  requires Planning Department approval (because it is a historic or architectural resource).  DPW will

12  refer the application to the Planning Department only if the proposed location for the wireless facility

13  is a protected location.  If an applicant for a Wireless Permit cannot determine from the DPW maps

14  whether Planning Department approval would be required, DPW is willing to meet with the applicant

15  *prior to filing the application* so that the applicant and DPW can jointly determine whether the

16  proposed location is within a protected area.

17         8.   Under S.F. Administrative Code § 11.9(a), telecommunications carriers must obtain

18  utility conditions permits ("UCPs") before installing any telecommunications facilities in the public

19  rights-of-way.  As set forth in § 11.9(a)(1), the only requirement for obtaining a UCP is proof that the

20  applicant is authorized to "occupy the Public Rights-of-Way pursuant to California Public Utilities

21  Code Section 7901."  Carriers like NextG that are certificated by the California Public Utilities

22  Commission ("CPUC") can prove "their legal right to occupy and use the Public Rights-of-Way by

23  providing the Department of Public Works a copy of their current . . . certificate of public

24  convenience and necessity issued by the CPUC."  Wireless carriers, like NextG's customers, can

25  establish their authority by showing they are licensed by the Federal Communications Commission to

26  provide wireless services in San Francisco.

27         9.   The UCPs the City will issue to all telecommunications carriers are ~~virtually~~

28  substantially the same.  The only substantial differences concern the application of the California

McKENNA REPLY DECLARATION          3
CV-08-0985-MHP

1  Environmental Quality Act ("CEQA") to different types of carriers. The reason for those differences

2  is that NextG and other carriers certificated by the CPUC go to the CPUC for CEQA approval, while

3  wireless carriers must go to the City for CEQA approval. Furthermore, I am informed and believe

4  that the CPUC has granted different types of CEQA approval to different types of carriers.

5          10.   The UCP requirement was added to the S.F. Administrative Code in April 2000.

6  Since then, I am informed and believe that the City has issued numerous UCPs. To my knowledge,

7  no telecommunications carrier has ever sued the City challenging any terms and conditions of the

8  UCPs. In fact, NextG's lawsuit against the City in 2005 called on the City to issue NextG a UCP. As

9  a result of that suit, this Court ordered the City to issue NextG a UCP as NextG requested. DPW

10  subsequently issued NextG that UCP.

11         11.   At that time of NextG's 2005 lawsuit, DPW would not issue UCPs to carriers like

12  NextG that had limited facilities-based authority from the CPUC. That is no longer DPW's practice.

13  In any event, I am informed and believe that the CPUC has now granted NextG full facilities-based

14  authority. If NextG applies for a UCP following the expiration of NextG's Court-ordered UCP, DPW

15  will issue a new UCP to NextG, as DPW has done with other entities that compete with NextG and

16  have similar authority from the CPUC.

17         12.   In my Opening Declaration, I referred to an application that NextG filed with the

18  California Public Utilities Commission ("CPUC") in which NextG identified 32 potential locations

19  for wireless facilities in San Francisco. (¶ 25). I analyzed those locations to determine how many

20  would be subject to review by the Planning or Recreation and Park Departments. I determined that of

21  the 30 locations I could identify, 20 did not require such review. (¶ 26.)

22         13.   Mr. Alford states in his declaration (¶ 4) that he cannot verify my analysis because he

23  cannot determine the CPUC submission on which I relied. I presented the exact same analysis and

24  conclusion in a declaration that I signed and that the City filed in this Court on December 3, 2007 in

25  support of the City's motion for clarification of this Court's order in *NextG Networks of California,*

26  *Inc. v. City of San Francisco* (Case No. C-05-0658 (MHP)).

27         14.   In that 2007 declaration, I identified the document on which I relied – a Notice of

28  Proposed Construction dated March 19, 2007 that NextG filed with the CPUC. A copy of that

1  document was attached to a declaration signed by Deputy City Attorney William K. Sanders and filed

2  by the City on December 3, 2007 in support of the City's motion for clarification. That same

3  document is attached to this declaration as Exhibit A. Mr. Alford also states in paragraph 4 that,

4  based on his general knowledge of NextG filings to the CPUC, the pole locations are not identified

5  with sufficient precision to determine whether they trigger Planning Department review. Exhibit A

6  shows that most locations are identified with a street address and that, when intersections are

7  described, directional coordinates or other information are provided to identify the location. Based

8  on the information provided in Exhibit A, DPW was able to determine which locations would have

9  required Planning or Recreation and Park Department review.

10     I declare under penalty of perjury under the laws of the United States that the foregoing is true

11  and correct, executed this 23rd day of May, 2008 at San Francisco, California.

13                                              DANIEL McKENNA

EXHIBIT A

LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE    BELLEVUE    LOS ANGELES    NEW YORK    PORTLAND    SAN FRANCISCO    SEATTLE    SHANGHAI    WASHINGTON, D.C.

TREG TREMONT
DIRECT (415) 276-6521
ltegltemont@dwt.com

SUITE 800
505 MONTGOMERY STREET
SAN FRANCISCO, CA 94111-6533

TEL (415) 276-6500
FAX (415) 276-6599
www.dwt.com

March 19, 2007

**VIA HAND DELIVERY**

Jensen Uchida
Energy Division
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, CA  94102

Re:    *A.06-05-031, Application of NextG Networks of California, Inc. to Expand CPCN.*

Dear Mr. Uchida:

As discussed at our meeting on March 2, 2007, enclosed on behalf of NextG Networks of California, Inc. ("NextG") are advance copies of a Notice of Proposed Construction ("NPC") for the Verizon Wireless-San Francisco project.  Because this is an advance filing, we have left the signature block bank on the NPC.

We would appreciate any feedback you and/or Mr. Barnsdale may have on the format or content of these materials.  Upon approval of the expanded authority NextG has requested in the above-referenced application, NextG formally will re-submit a NPC for this project.

If you have any questions regarding the enclosed materials, please contact me at your convenience.

Sincerely,

Davis Wright Tremaine LLP

Treg Tremont

cc:    Andrew Barnsdale, CPUC
       Sharon James, NextG

SFO 350837v3 0058588-000014

 **NextG Networks**

# Notice of Proposed Construction

NextG Project Number: 1

| | 1.0 Proposed Project Overview | |
|---|---|---|
| 1.1 | Project Name | Verizon Wireless – San Francisco |
| 1.2 | Project Contact | Sharon James |
| 1.3 | Signature | |
| 1.4 | Contact Address | 2216 O'Toole Avenue, San Jose, CA  95131 |
| 1.5 | Contact Phone | (408) 426-6829 |
| 1.6 | General Project  Location | Richmond and Sunset Districts of San Francisco |
| 1.7 | Initial Transmission Date to CPUC | April 5, 2007 |
| 1.8 | Target NTP Issuance Date | |
| 1.9 | New construction required?[1] | No, except installation of guy wires and anchors associated with installation of aerial facilities on existing poles |
| 1.10 | **Maps** | |
| 1.10.1 | Project Level Map | Attachment A |
| 1.10.2 | Site Maps | Attachment B |
| 1.20 | **Construction Within LFB Authority** | |
| 1.20.1 | New Micro-antennas, number (estimate)* | Yes, 24 total; (17 in Sunset; 7 in Richmond) |
| 1.20.2 | Installation on Existing Poles* | Yes |
| 1.20.3 | Repair or Replacement of Existing Poles, number (estimated)* | No |
| 1.20.4 | Installation within Existing Underground structure* | Yes |
| 1.20.5 | Other Installation Within LFB Authority (brief description)* | Installation of guy wires and anchors associated with installation of aerial facilities on existing poles |
| 1.30 | **Construction Requiring Notice To Proceed** | |
| 1.30.1 | New Poles, number (estimate)* | None |
| 1.30.2 | New Underground Conduit and Fiber | No |
| 1.30.3 | Other Construction Requiring NTP (brief description) | None, installation of guy wires and anchors associated with installation of aerial facilities on existing poles is within NextG's existing LFB authority |

---

[1] Information about the installation of facilities in or on existing buildings and structures (asterisked items), including installation of fiber optic cable, micro antennas and related equipment on existing poles, installation of fiber optic cable in existing underground conduit, and installation of guy wires and anchors associated with the installation of fiber optic cable and related equipment on existing poles, is provided for information only and does not require further environmental review or approval by the Commission since this construction is within the limited-facilities based (LFB) authority previously granted by the Commission to NextG in D.03-01-061.

NextG Notice of Proposed Construction

| 1.40 | Construction Techniques For Construction Requiring a NTP[2] | |
|---|---|---|
| 1.40.1 | Construction/Installation Techniques for New Above Ground | With caveat noted above at line 1.30.3, construction will be done in the matter described in section I.A. of NextG's "Construction Techniques" summary and as indicated by the diagram of typical construction attached to this notice as Attachment C |
| 1.40.2 | Construction/Installation Techniques for New Underground | With caveat noted above at line 1.30.3, construction will be done in the matter described in section I.A. of NextG's "Construction Techniques" summary and as indicated by the diagram of typical construction attached to this notice as Attachment C |
| 1.50 | Linear Distance | |
| 1.50.1 | Total New Aerial Fiber on Existing Structures (estimated) (mi)* | 10.7 Miles Aerial Plant |
| 1.50.2 | Total New Aerial Fiber on New Poles or Structures (estimated) (mi) | Zero |
| 1.50.3 | Total New Fiber installed in Existing Substructure (estimated) (mi)* | >.1 Miles |
| 1.50.4 | Total New Underground Conduit and Fiber (estimated) (mi) | Zero |
| 1.50.5 | Total Existing Fiber (mi) (estimated)* | Zero |
| 1.50.6 | Total Linear Project Distance (mi) (estimated) | 10.8 Miles (estimated) |
| 1.60 | Potential Environmental Impact | |
| 1.60.1 | Particularly sensitive environments affected? | No |
| 1.60.2 | Contributes to a significant cumulative impact? | No |
| 1.60.3 | Potential significant environmental effect due to unusual circumstances? | No |
| 1.60.4 | Is there a reasonable possibility that the activity might impact on an environmental resource of hazardous or critical concern? | No |
| 1.60.5 | Potentially Significant Impact | None |

[2] The primary construction methods NextG anticipates using on this project are noted herein by reference to pertinent sections of NextG's "Construction Techniques" summary. This summary contains a detailed explanation of the construction techniques typically used by NextG and has been provided to the Commission separately from this Notice of Proposed Construction.
* General information about the installation of facilities in or on existing structures (asterisked items) is provided for the Commission's information only and does not require further environmental review or approval by the Commission since this construction is within the limited-facilities based authority previously granted by the Commission to NextG in D.03-01-061.



NextG Notice of Proposed Construction

| 1.60.6 | Exempt From CEQA | Yes |
|---|---|---|
| **1.70** | | |
| 1.70.1 | Summary Spreadsheet for Project completed? | Yes |
| 1.70.2 | Summary Spreadsheet | Attachment D |

| **2.0 Permitting Overview** | | |
|---|---|---|
| **2.1** | **Permit 1** | |
| 2.1.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.1.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.1.3 | Agency Phone | (415) 564-6161 |
| 2.1.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.1.5 | Permit Application Number | |
| 2.1.6 | Application Date | 12/26/06 |
| 2.1.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.1.8 | Grant Date | |
| 2.1.9 | Grant Duration (Months) | |
| 2.1.10 | Permit Notes | Pole 97 – 533 Point Lobos Ave |
| **2.2** | **Permit 2** | |
| 2.2.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.2.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.2.3 | Agency Phone | (415) 564-6161 |
| 2.2.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.2.5 | Permit Application Number | |
| 2.2.6 | Application Date | 12/26/06 |
| 2.2.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.2.8 | Grant Date | |
| 2.2.9 | Grant Duration (Months) | |
| 2.2.10 | Permit Notes | Pole 24 – 195 Seal Rock Dr. |
| **2.3** | **Permit 3** | |
| 2.3.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.3.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.3.3 | Agency Phone | (415) 564-6161 |
| 2.3.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.3.5 | Permit Application Number | |
| 2.3.6 | Application Date | 12/26/06 |
| 2.3.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.3.8 | Grant Date | |



| | | |
|---|---|---|
| 2.3.9 | Grant Duration (Months) | |
| 2.3.10 | Permit Notes | Pole 32 – N.E. corner 44th Ave @ Anza St. |
| **2.4** | **Permit 4** | |
| 2.4.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.4.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.4.3 | Agency Phone | (415) 564-6161 |
| 2.4.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.4.5 | Permit Application Number | |
| 2.4.6 | Application Date | 12/26/06 |
| 2.4.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.4.8 | Grant Date | |
| 2.4.9 | Grant Duration (Months) | |
| 2.4.10 | Permit Notes | Pole 35 5440 Anza St |
| **2.5** | **Permit 5** | |
| 2.5.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.5.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.5.3 | Agency Phone | (415) 564-6161 |
| 2.5.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.5.5 | Permit Application Number | |
| 2.5.6 | Application Date | 12/26/06 |
| 2.5.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.5.8 | Grant Date | |
| 2.5.9 | Grant Duration (Months) | |
| 2.5.10 | Permit Notes | Pole 55 – NE Corner Balboa St & 40th Avenue |
| **2.6** | **Permit 6** | |
| 2.6.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.6.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.6.3 | Agency Phone | (415) 564-6161 |
| 2.6.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.6.5 | Permit Application Number | |
| 2.6.6 | Application Date | 12/26/06 |
| 2.6.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.6.8 | Grant Date | |
| 2.6.9 | Grant Duration (Months) | |
| 2.6.10 | Permit Notes | Pole 56 – Corner Balboa St & 40th Ave |
| **2.7** | **Permit 7** | |
| 2.7.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.7.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |

NextG Notice of Proposed Construction

| | | |
|---|---|---|
| 2.7.3 | Agency Phone | (415) 564-6161 |
| 2.7.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.7.5 | Permit Application Number | |
| 2.7.6 | Application Date | 12/26/06 |
| 2.7.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.7.8 | Grant Date | |
| 2.7.9 | Grant Duration (Months) | |
| 2.7.10 | Permit Notes | Pole 63 – 801 40th Avenue |
| **2.8** | **Permit 8** | |
| 2.8.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.8.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.8.3 | Agency Phone | (415) 564-6161 |
| 2.8.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.8.5 | Permit Application Number | |
| 2.8.6 | Application Date | 12/26/06 |
| 2.8.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.8.8 | Grant Date | |
| 2.8.9 | Grant Duration (Months) | |
| 2.8.10 | Permit Notes | Pole 80 – 1 Pole E/O Great Highway on Balboa St |
| **2.9** | **Permit 9** | |
| 2.9.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.9.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.9.3 | Agency Phone | (415) 564-6161 |
| 2.9.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.9.5 | Permit Application Number | |
| 2.9.6 | Application Date | 12/26/06 |
| 2.9.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.9.8 | Grant Date | |
| 2.9.9 | Grant Duration (Months) | |
| 2.9.10 | Permit Notes | Pole 4 – 1000 Rivera St |
| **2.10** | **Permit 10** | |
| 2.10.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.10.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.10.3 | Agency Phone | (415) 564-6161 |
| 2.10.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.10.5 | Permit Application Number | |
| 2.10.6 | Application Date | 12/26/06 |
| 2.10.7 | Current Status | Excavation permit application refused on grounds that |



NextG Notice of Proposed Construction

| | | |
|---|---|---|
| | | NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.10.8 | Grant Date | |
| 2.10.9 | Grant Duration (Months) | |
| 2.10.10 | Permit Notes | Pole 12 – 2095 20th Ave |
| 2.11 | Permit 11 | |
| 2.11.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.11.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.11.3 | Agency Phone | (415) 564-6161 |
| 2.11.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.11.5 | Permit Application Number | |
| 2.11.6 | Application Date | 12/26/06 |
| 2.11.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.11.8 | Grant Date | |
| 2.11.9 | Grant Duration (Months) | |
| 2.11.10 | Permit Notes | Pole 13 – 2100 20th Ave |
| 2.1 | Permit 12 | |
| 2.12.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.12.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.12.3 | Agency Phone | (415) 564-6161 |
| 2.12.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.12.5 | Permit Application Number | |
| 2.12.6 | Application Date | 12/26/06 |
| 2.12.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.12.8 | Grant Date | |
| 2.12.9 | Grant Duration (Months) | |
| 2.12.10 | Permit Notes | Pole 32 – 2203 – 24th Ave |
| 2.13 | Permit 13 | |
| 2.13.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.13.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.13.3 | Agency Phone | (415) 564-6161 |
| 2.13.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.13.5 | Permit Application Number | |
| 2.13.6 | Application Date | 12/26/06 |
| 2.13.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.13.8 | Grant Date | |
| 2.13.9 | Grant Duration (Months) | |
| 2.13.10 | Permit Notes | Pole 35 – NE Corner 24th Ave and Quintara St. |

NextG Notice of Proposed Construction

| 2.14 | Permit 14 | |
|---|---|---|
| 2.14.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.14.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.14.3 | Agency Phone | (415) 564-6161 |
| 2.14.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.14.5 | Permit Application Number | |
| 2.14.6 | Application Date | 12/26/06 |
| 2.14.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.14.8 | Grant Date | |
| 2.14.9 | Grant Duration (Months) | |
| 2.14.10 | Permit Notes | Pole 44 – 2101 28th Ave |
| 2.15 | Permit 15 | |
| 2.15.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.15.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.15.3 | Agency Phone | (415) 564-6161 |
| 2.15.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.15.5 | Permit Application Number | |
| 2.15.6 | Application Date | 12/26/06 |
| 2.15.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.15.8 | Grant Date | |
| 2.15.9 | Grant Duration (Months) | |
| 2.15.10 | Permit Notes | Pole 64 – 2045 Noriega St |
| 2.16 | Permit 16 | |
| 2.16.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.16.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.16.3 | Agency Phone | (415) 564-6161 |
| 2.16.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.16.5 | Permit Application Number | |
| 2.16.6 | Application Date | 12/26/06 |
| 2.16.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.16.8 | Grant Date | |
| 2.16.9 | Grant Duration (Months) | |
| 2.16.10 | Permit Notes | Pole 100 – 2645 Noriega |
| 2.17 | Permit 17 | |
| 2.17.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.17.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.17.3 | Agency Phone | (415) 564-6161 |
| 2.17.4 | Permit Application Type | Sidewalk Excavation Permit |



NextG Notice of Proposed Construction

| | | |
|---|---|---|
| 2.17.5 | Permit Application Number | |
| 2.17.6 | Application Date | 12/26/06 |
| 2.17.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.17.8 | Grant Date | |
| 2.17.9 | Grant Duration (Months) | |
| 2.17.10 | Permit Notes | Pole 127 – 1292 34th Avenue |
| 2.18 | Permit 18 | |
| 2.18.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.18.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.18.3 | Agency Phone | (415) 564-6161 |
| 2.18.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.18.5 | Permit Application Number | |
| 2.18.6 | Application Date | 12/26/06 |
| 2.18.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.18.8 | Grant Date | |
| 2.18.9 | Grant Duration (Months) | |
| 2.18.10 | Permit Notes | Pole 128 – 3250 Irving St |
| 2.19 | Permit 19 | |
| 2.19.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.19.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.19.3 | Agency Phone | (415) 564-6161 |
| 2.19.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.19.5 | Permit Application Number | |
| 2.19.6 | Application Date | 12/26/06 |
| 2.19.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.19.8 | Grant Date | |
| 2.19.9 | Grant Duration (Months) | |
| 2.19.10 | Permit Notes | Pole 156 – 1265 45th Ave |
| 2.20 | Permit 20 | |
| 2.20.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.20.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.20.3 | Agency Phone | (415) 564-6161 |
| 2.20.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.20.5 | Permit Application Number | |
| 2.20.6 | Application Date | 12/26/06 |
| 2.20.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |

| | | |
|---|---|---|
| 2.20.8 | Grant Date | |
| 2.20.9 | Grant Duration (Months) | |
| 2.20.10 | Permit Notes | Pole 187 – North side Irving west of La Playa St |
| **2.21** | **Permit 21** | |
| 2.21.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.21.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.21.3 | Agency Phone | (415) 564-6161 |
| 2.21.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.21.5 | Permit Application Number | |
| 2.21.6 | Application Date | 12/26/06 |
| 2.21.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.21.8 | Grant Date | |
| 2.21.9 | Grant Duration (Months) | |
| 2.21.10 | Permit Notes | Pole 167 – 20th Ave South west side of Santiago St |
| **2.22** | **Permit 22** | |
| 2.22.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.22.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.22.3 | Agency Phone | (415) 564-6161 |
| 2.22.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.22.5 | Permit Application Number | |
| 2.22.6 | Application Date | 12/26/06 |
| 2.22.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.22.8 | Grant Date | |
| 2.22.9 | Grant Duration (Months) | |
| 2.22.10 | Permit Notes | Pole 190 – Santiago St east 0f 21st Ave |
| **2.23** | **Permit 23** | |
| 2.23.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.23.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.23.3 | Agency Phone | (415) 564-6161 |
| 2.23.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.23.5 | Permit Application Number | |
| 2.23.6 | Application Date | 12/26/06 |
| 2.23.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.23.8 | Grant Date | |
| 2.23.9 | Grant Duration (Months) | |
| 2.23.10 | Permit Notes | Pole 309 – 2291 43rd Ave |
| **2.24** | **Permit 24** | |

NextG Notice of Proposed Construction

| | | |
|---|---|---|
| 2.24.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.24.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.24.3 | Agency Phone | (415) 564-6161 |
| 2.24.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.24.5 | Permit Application Number | |
| 2.24.6 | Application Date | 12/26/06 |
| 2.24.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.24.8 | Grant Date | |
| 2.24.9 | Grant Duration (Months) | |
| 2.24.10 | Permit Notes | Pole 319 – 3421 Santiago St |
| **2.25** | **Permit 25** | |
| 2.25.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.25.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.25.3 | Agency Phone | (415) 564-6161 |
| 2.25.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.25.5 | Permit Application Number | |
| 2.25.6 | Application Date | 12/26/06 |
| 2.25.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.25.8 | Grant Date | |
| 2.25.9 | Grant Duration (Months) | |
| 2.25.10 | Permit Notes | Pole 320 – SW Corner Santiago St and 45th Ave |
| **2.26** | **Permit 26** | |
| 2.26.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.26.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.26.3 | Agency Phone | (415) 564-6161 |
| 2.26.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.26.5 | Permit Application Number | |
| 2.26.6 | Application Date | 12/26/06 |
| 2.26.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.26.8 | Grant Date | |
| 2.26.9 | Grant Duration (Months) | |
| 2.26.10 | Permit Notes | Pole 331 – 2083 45th Ave |
| **2.27** | **Permit 27** | |
| 2.27.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.27.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.27.3 | Agency Phone | (415) 564-6161 |
| 2.27.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.27.5 | Permit Application Number | |

NextG Notice of Proposed Construction

| | | |
|---|---|---|
| 2.27.6 | Application Date | 12/26/06 |
| 2.27.7 | Current Status | Excavation permit application refused on grounds that NextG does not have authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.27.8 | Grant Date | |
| 2.27.9 | Grant Duration (Months) | |
| 2.27.10 | Permit Notes | Pole 333 – 2295 44th Ave |
| **2.28** | **Permit 28** | |
| 2.28.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.28.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.28.3 | Agency Phone | (415) 564-6161 |
| 2.28.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.28.5 | Permit Application Number | |
| 2.28.6 | Application Date | 12/26/06 |
| 2.28.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.28.8 | Grant Date | |
| 2.28.9 | Grant Duration (Months) | |
| 2.28.10 | Permit Notes | Pole 340 – Taraval & 44th |
| **2.29** | **Permit 29** | |
| 2.29.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.29.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.29.3 | Agency Phone | (415) 564-6161 |
| 2.29.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.29.5 | Permit Application Number | |
| 2.29.6 | Application Date | 12/26/06 |
| 2.29.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.29.8 | Grant Date | |
| 2.29.9 | Grant Duration (Months) | |
| 2.29.10 | Permit Notes | Pole 387A – side of 2060 Sloat Bl |
| **2.30** | **Permit 30** | |
| 2.30.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.30.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.30.3 | Agency Phone | (415) 564-6161 |
| 2.30.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.30.5 | Permit Application Number | |
| 2.30.6 | Application Date | 12/26/06 |
| 2.30.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.30.8 | Grant Date | |



NextG Notice of Proposed Construction

| | | |
|---|---|---|
| 2.30.9 | Grant Duration (Months) | |
| 2.30.10 | Permit Notes | Pole 507 – 2801 Vincent St. |
| **2.31** | **Permit 31** | |
| 2.31.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.31.2 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.31.3 | Agency Phone | (415) 564-6161 |
| 2.31.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.31.5 | Permit Application Number | |
| 2.31.8 | Application Date | 12/26/06 |
| 2.31.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.31.8 | Grant Date | |
| 2.31.9 | Grant Duration (Months) | |
| 2.31.10 | Permit Notes | Pole 245 – 1165 Vincent St. |
| **2.32** | **Permit 32** | |
| 2.32.1 | Agency/Jurisdiction | City and County of San Francisco - DPW |
| 2.322 | Agency Address | 875 Stevenson, Rm 480, San Francisco, CA |
| 2.32.3 | Agency Phone | (415) 564-6161 |
| 2.32.4 | Permit Application Type | Sidewalk Excavation Permit |
| 2.32.5 | Permit Application Number | |
| 2.32.6 | Application Date | 12/26/06 |
| 2.32.7 | Current Status | Excavation permit application refused on grounds that NextG does not have required authority from the CPUC. NextG believes that the City is mistaken in this regard. |
| 2.32.8 | Grant Date | |
| 2.32.9 | Grant Duration (Months) | |
| 2.32.10 | Permit Notes | Pole 17 –433 Point Lobos |

| | | |
|---|---|---|
| **3. Agency Consultation** | | |
| 3.1 | **Consultation 1** | N/A |
| 3.1.1 | Agency | |
| 3.1.2 | Agency Address | |
| 3.1.3 | Agency Phone | |
| 3.1.4 | Agency Requirements | |
| 3.1.5 | Status | |
| 3.1.6 | Agency Notes | |
| 3.2 | **Consultation 2** | |
| 3.2.1 | Agency | |
| 3.2.2 | Agency Address | |
| 3.2.3 | Agency Phone | |
| 3.2.4 | Agency Requirements | |
| 3.2.5 | Status | |



NextG Notice of Proposed Construction

| 3.2.6 | Agency Notes | |
|---|---|---|
| **3.3** | **Consultation 3** | |
| 3.3.1 | Agency | |
| 3.3.2 | Agency Address | |
| 3.3.3 | Agency Phone | |
| 3.3.4 | Agency Requirements | |
| 3.3.5 | Status | |
| 3.3.6 | Agency Notes | |
| **3.4** | **Consultation 4** | |
| 3.4.1 | Agency | |
| 3.4.2 | Agency Address | |
| 3.4.3 | Agency Phone | |
| 3.4.4 | Agency Requirements | |
| 3.4.5 | Status | |
| 3.4.6 | Agency Notes | |

| **4.0** | **CEQA Exemption** | |
|---|---|---|
| **4.1** | **General Exclusion** | General Exclusion From CEQA |
| 4.1.1 | CEQA Exemption | It can be seen with certainty that the proposed project will have no significant effect on the environment |
| 4.1.2 | CEQA Guideline Section # | 15061(b)(3) |
| 4.1.3 | Exemption Rationale | Due to the location, nature, and temporary duration of activities proposed under this project, it has been determined that implementation will not result in a significant effect on the environment and qualifies for exemption from CEQA |
| **4.2** | **Class 1 - b** | Existing Facilities |
| 4.2.1 | CEQA Exemption | Minor alteration of existing facilities of both investor and publicly-owned utilities used to provide electric power, natural gas, sewerage, or other public utility services |
| 4.2.2 | CEQA Guideline Section # | 15301(b) |
| 4.2.3 | Exemption Rationale | The proposed project falls within a Class 1 (b) exemption, a minor alteration to an existing utility, and slight modification of existing streets and sidewalks.  In addition, the sidewalk will be fully restored to pre-construction conditions upon completion. |
| **4.3** | **Class 1 - c** | Existing Facilities |
| 4.3.1 | CEQA Exemption | Minor alteration of existing highways and streets, sidewalks, gutters, bicycle and pedestrian trails, and similar facilities (this includes road grading for the purpose of public safety). |
| 4.3.2 | CEQA Guideline Section # | 15301 (c) |
| 4.3.3 | Exemption Rationale | The proposed project entails removal and replacement of small portions of sidewalk to pre-construction condition. |

| 4,4 | Class 2 - c | Replacement or Reconstruction |
|---|---|---|
| 4.4.1 | CEQA Exemption | (c) Replacement or reconstruction of existing utility systems and/or facilities involving negligible or no expansion of capacity. |
| 4.4.2 | CEQA Guideline Section # | 15302(c) |
| 4.4.3 | Exemption Rationale | Installation of fiber optic line on existing utility poles, and the installation of a guy wire and anchor bolt at each pole site clearly falls within a Class 2 exemption; reconstruction of an existing utility structure. |
| 4,5 | Class 2 - d | Replacement or Reconstruction |
| 4.5.1 | CEQA Exemption | (d) Conversion of overhead electric utility distribution system facilities to underground including connection to existing overhead electric utility distribution lines where the surface is restored to the condition existing prior to the undergrounding. |
| 4.5.2 | CEQA Guideline Section # | 15302(d) |
| 4.5.3 | Exemption Rationale | n/a |
| 4.6 | Class 3 - d | New Construction or Conversion of Small Structures |
| 4.6.1 | CEQA Exemption | (d) Water main, sewage, electrical, gas, and other utility extensions, including street improvements, of reasonable length to serve such construction. |
| 4.6.2 | CEQA Guideline Section # | 15303(d) |
| 4.6.3 | Exemption Rationale | The project involves the extension of a utility, including the repair of sidewalk, which qualifies under the Class 3(d) exemption. |
| 4,7 | Class 3 - e | New Construction or Conversion of Small Structures |
| 4.7.1 | CEQA Exemption | (e) Accessory (appurtenant) structures including garages, carports, patios, swimming pools, and fences. |
| 4.7.2 | CEQA Guideline Section # | 15303(e) |
| 4.7.3 | Exemption Rationale | n/a |
| 4,8 | Class 4 - a | Minor Alterations To Land |
| 4.8.1 | CEQA Exemption | (a) Grading on land with a slope of less than 10 percent, except that grading shall not be exempt in a waterway, in any wetland, in an officially designated (by federal, state, or local government action) scenic area, or in officially mapped areas of severe geologic hazard such as an Alquist-Priolo Earthquake Fault Zone or within an official Seismic Hazard Zone, as delineated by the State Geologist. |
| 4.6.2 | CEQA Guideline Section # | 15304(a) |
| 4.8.3 | Exemption Rationale | n/a |

NextG Notice of Proposed Construction

| 4.9 | Class 4 - b | Minor Alterations To Land |
|---|---|---|
| 4.9.1 | CEQA Exemption | (b) New gardening or landscaping, including the replacement of existing conventional landscaping with water efficient or fire resistant landscaping. |
| 4.9.2 | CEQA Guideline Section # | 15304(b) |
| 4.9.3 | Exemption Rationale | n/a |
| 4.10 | Class 4 - c | Minor Alterations To Land |
| 4.10.1 | CEQA Exemption | (c) Filling of earth into previously excavated land with material compatible with the natural features of the site; |
| 4.10.2 | CEQA Guideline Section # | 15304(c) |
| 4.10.3 | Exemption Rationale | n/a |
| 4.11 | Class 4 - f | Minor Alterations To Land |
| 4.11.1 | CEQA Exemption | (f) Minor trenching and backfilling where the surface is restored; |
| 4.11.2 | CEQA Guideline Section # | 15304(f) |
| 4.11.3 | Exemption Rationale | n/a |
| 4.12 | Class 32 - a | In-Fill Development Projects |
| 4.12.1 | CEQA Exemption | Projects characterized as in-fill development meeting criteria specified in the CEQA Guidelines. |
| 4.12.2 | CEQA Guideline Section # | 15332 |
| 4.12.3 | Exemption Rationale | n/a |

| 5.0 Environmental Setting Information | | |
|---|---|---|
| 5.1 | General Terrain Description | Sloping to flat paved urban streets and sidewalks. |
| 5.2 | Significant Features (if any) | None |
| 5.3 | Current Land Use | Residential / commercial |
| 5.4 | Current Zoning Status | Various urban zoning districts |
| 5.5 | Brief description of cultural resources | None present in urban streets and sidewalks. |
| 5.6 | Brief description of paleontologic resources | None present in urban streets and sidewalks. |
| 5.7 | Brief description of historical resources | None present in urban streets and sidewalks. |
| 5.8 | Brief description of biological resources | None present in urban streets and sidewalks. |