DENNIS J. HERRERA, State Bar #139669
City Attorney
THERESA L. MUELLER, State Bar #172681
Chief Energy and Telecommunications Deputy
WILLIAM K. SANDERS, State Bar #154156
THOMAS J. LONG, State Bar #124776
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-6548
Facsimile:      (415) 554-4757
E-Mail:          thomas.long@sfgov.org

Attorneys for Defendants
THE CITY AND COUNTY OF SAN FRANCISCO and
THE DEPARTMENT OF PUBLIC WORKS OF THE
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTG NETWORKS OF CALIFORNIA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO and THE DEPARTMENT OF PUBLIC WORKS OF THE CITY OF SAN FRANCISCO,<br><br>Defendants. | Case No. CV-08-0985-MHP<br><br>**DEFENDANTS' EVIDENTIARY OBJECTIONS TO DECLARATIONS IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:  June 9, 2008<br>Time:                2:00 p.m.<br>Place:               Courtroom 15 |

Defendants the City and County of San Francisco and the Department of Public Works of the City and County of San Francisco ("City") submit the following objections to the declarations filed by plaintiff NextG Networks of California, Inc. ("NextG") in opposition to the City's motion for summary judgment. For the following reasons, the Court should strike paragraph 7 of the Declaration of Robert A. Alford ("Alford Dec.") and the entirety of the Declaration of David M. Cutrer, Ph.D. ("Cutrer Dec.").

I.  **THE COURT SHOULD STRIKE PARAGRAPH 7 OF THE ALFORD DECLARATION BECAUSE IT IS IRRELEVANT TO NEXTG'S FACIAL CHALLENGE AND BECAUSE IT OFFERS AN OPINION THAT IS SPECULATIVE AND LACKS PROPER FOUNDATION (FEDERAL RULES OF EVIDENCE 402, 403, 701, 702)**

Paragraph 7 of the Alford Declaration references unidentified future plans of NextG to deploy wireless facilities, presumably in San Francisco (though even this is not stated). Mr. Alford further refers to two different "customer orders to be met in the near future" without providing any further information about the "orders" (such as the names of the ordering parties, whether contracts have been signed, or what the "orders" require NextG to do and where). Based on this scant foundation, Mr. Alford offers an opinion about the number of "nodes" for these projects that would require review by the Planning Department. Mr. Alford does not indicate which of the Planning Department Maps he referred to -- the PDF or MapView Map – and whether or not he used enlarged versions of those maps (*see* Declaration of Daniel McKenna in Support of Defendants' Motion, ¶¶ 17-23).

The Court should exclude paragraph 7 because it is irrelevant to NextG's facial challenge and would only be relevant to an as applied challenge, which NextG has not made and cannot assert at this time. The focus of a facial challenge is the requirements of the regulations themselves, without reference to how the regulations apply in particular circumstances or to particular applications or applicants. Because paragraph 7 speculates as to how the City's regulations will apply to future NextG projects, it is outside the bounds of a facial challenge. Accordingly, the Court should exclude paragraph 7 under Federal Rule of Evidence ("FRE") 402.

The Court should also exclude paragraph 7 because it offers an opinion without providing any of the facts that the Court and the City need to assess the probative value of the opinion. The opinion lacks at least the following foundational facts: (1) who placed the orders; (2) what the orders ask NextG to do; (3) whether the orders are oral or written; (4) whether the orders are binding contracts or just discussions that have not been finalized; and (5) where the orders specifically ask NextG to provide service. More fundamentally, by failing to attach the actual orders (if any exist in written form), Mr. Alford provides no basis for the Court or the City to determine the accuracy of Mr. Alford's conclusions. Moreover, because Mr. Alford fails to explain which map or maps he consulted and whether or not he used enlarged maps, the Court and the City lack additional basic

information that is needed to assess the accuracy of Mr. Alford's opinion. Lacking this necessary foundation, Mr. Alford's opinion constitutes pure speculation that has no probative value.

## II. THE COURT SHOULD STRIKE THE CUTRER DECLARATION BECAUSE IT IS IRRELEVANT TO NEXTG'S FACIAL CHALLENGE AND BECAUSE IT OFFERS AN OPINION THAT LACKS PROPER FOUNDATION (FEDERAL RULES OF EVIDENCE 402, 403, 701, 702)

The Cutrer declaration offers an opinion regarding the impact on NextG of a delay or denial of even one permit application related to a future network that NextG might seek to construct in the City. He concludes that a denial of a single permit, or even a delay (of unspecified duration) would have a "significant negative impact" on NextG's ability to deploy its network. (Cutrer Dec., ¶¶ 13-14). Dr. Cutrer does not explain what he means by "significant negative impact."

Like paragraph 7 of the Alford declaration, the Cutrer declaration should be excluded because it is irrelevant to NextG's facial challenge. Dr. Cutrer is testifying to how the City's regulations would apply to some potential future NextG project. Testimony regarding the impact of the City's regulations on some project or projects that Dr. Cutrer appears to have in mind (without explaining in his declaration) is outside the bounds of a facial challenge and should be excluded under FRE 402.

Even if Dr. Cutrer's declaration is deemed relevant, it should be excluded under FRE 701 or FRE 702. NextG appears to be offering Dr. Cutrer as an expert witness. Under FRE 702, an expert opinion is not admissible evidence unless "the testimony is based upon sufficient facts or data."[1] Dr. Cutrer's declaration does not meet this requirement because the declaration is missing key facts that are necessary to assess the probative value of his opinion. In particular, Dr. Cutrer does not explain what duration of delay he is assuming. He may be thinking of delays involving one or more hearings of several months or more that NextG has experienced in other jurisdictions. *See, e.g.., NextG Networks of California, Inc. v. County of Los Angeles*, 522 F. Supp. 2d 1240 (C.D. Cal. 2007). In contrast, under Section III.D.9 of Department of Public Works ("DPW") Order No. 177, 163, the Planning Department is charged with making its decision in 15 business days, and neither the

---

[1] FRE 701 has a similar requirement that lay opinions be "rationally based on the perception of the witness." As explained below, Dr. Cutrer leaves out key facts so the reader cannot tell if the opinion meets the "rationally based" requirement.

Planning Department nor DPW will hold a hearing. Reply Memorandum in Support of Defendants' Motion for Summary Judgment ("City Reply"), p. 5. In addition, when Dr. Cutrer states that, if there were "any change" in a Node location, NextG would have to "completely re-design" the entire network (¶ 13), Dr. Cutrer does not explain what type of change he contemplates, other than his vague, earlier reference to "seemingly insignificant distances." (Cutrer Dec., ¶ 10). For example, Dr. Cutrer does not explain whether moving an antenna to a neighboring pole on the same block would always constitute a change that requires a complete network re-design. Under the City's regulations, a pole in front or adjacent to an historic landmark might be a protected location, but the next pole down the block might be an unprotected location. In the absence of these key facts, the Court and the City lack the information necessary to understand the factual assumptions to which Dr. Cutrer's opinion applies.

The opinion also lacks any probative value because Dr. Cutrer fails to explain what he means by the key phrase in his conclusion – "significant negative impact." "Significant" is a subjective term; what Dr. Cutrer believes to be significant may be legally insignificant. Section 253 is directed at regulations that have the effect of *prohibiting* telecommunications service, not ones that may add time or expense to a project for legally appropriate reasons. Lacking any probative value, Dr. Cutrer's declaration should also be excluded under FRE 403.

### III. IF THIS COURT DENIES THE CITY'S OBJECTIONS, THIS COURT SHOULD DEFER RULING ON THE PENDING MOTIONS UNTIL THE CITY HAS THE OPPORTUNITY TO CONDUCT DISCOVERY

In the event that the Court denies the City's objections, and intends to rely on the Alford and Cutrer declarations, the City respectfully requests that the Court defer ruling on the pending motions until the City has had an opportunity to conduct discovery relating to Mr. Alford's and Dr. Cutrer's statements.

Consistent with the fact that NextG is making a facial challenge to the City's regulations, NextG filed its motion for judgment on the pleadings and the City filed its responsive summary judgment motion before any discovery had taken place in the case. Under Federal Rule of Civil Procedure 12(d), if the Court accepts this testimony and converts NextG's motion for judgment on

the pleadings to a summary judgment motion, the City must be given a reasonable opportunity to present all pertinent material in response. In light of the complete absence of any foundational facts on which to assess Mr. Alford's and Dr. Cutrer's opinions, the City can only present such pertinent material after it has had an opportunity for discovery.

The need for discovery is even more compelling with respect to the Cutrer declaration. Dr. Cutrer's declaration offers a brand new factual theory – offered for the first time in its opposition to the City's motion – that markedly differs from the facts alleged in NextG's Complaint and motion for judgment on the pleadings. In the Complaint (¶49), NextG alleged that 90% of its applications would require Planning or Recreation and Park Department review. In its motion, NextG claimed that "the vast majority" of its applications would require such review. (NextG's Motion for Judgment on the Pleadings, pp. 6-7). Now, based on the new theory advanced by Dr. Cutrer, NextG says that its previous "90%" and "vast majority" allegations are irrelevant; the possibility of a single denied or delayed permit violates § 253. NextG's Opposition to Defendants' Motion for Summary Judgment, p. 18. The City did not have notice of this new theory when it filed its summary judgment motion and would be prejudiced if the Court were to rely upon it without affording the City an opportunity for discovery.

Dated: May 23, 2008

DENNIS J. HERRERA
City Attorney
THERESA L. MUELLER
Chief Energy and Telecommunications Deputy
WILLIAM K. SANDERS
THOMAS J. LONG
Deputy City Attorneys

By: _____/s/_____
THOMAS J. LONG

Attorneys for Defendants
THE CITY AND COUNTY OF SAN FRANCISCO and
THE DEPARTMENT OF PUBLIC WORKS OF THE
CITY AND COUNTY OF SAN FRANCISCO