DENNIS J. HERRERA, State Bar #139669
City Attorney
THERESA L. MUELLER, State Bar #172681
Chief Energy and Telecommunications Deputy
WILLIAM K. SANDERS, State Bar #154156
THOMAS J. LONG, State Bar #124776
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:   (415) 554-6548
Facsimile:   (415) 554-4757
E-Mail:      thomas.long@sfgov.org

Attorneys for Defendants
THE CITY AND COUNTY OF SAN FRANCISCO and
THE DEPARTMENT OF PUBLIC WORKS OF THE
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTG NETWORKS OF CALIFORNIA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO and THE DEPARTMENT OF PUBLIC WORKS OF THE CITY OF SAN FRANCISCO,<br><br>Defendants. | Case No. CV-08-0985-MHP<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EVIDENTIARY OBJECTIONS**<br><br>Hearing Date: June 9, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 15 |

Defendants the City and County of San Francisco and the Department of Public Works of the City and County of San Francisco ("City") submit this opposition to the objections filed by plaintiff NextG Networks of California, Inc. ("NextG") to the City's evidence in support of its motion for summary judgment. This Court should overrule NextG's objections, because none of them has any merit whatsoever.

### A. The McKenna, Ghosh and LaForte Declarations Do Not Contain "Inadmissible Legal Conclusions"

In its motion for judgment on the pleadings, filed prior to the City's motion for summary judgment, NextG speculated that the City could require unspecified "hearings" before granting an application for a personal wireless service facilities site permit ("Wireless Permit"), which permit the City now requires under San Francisco Administrative Code § 11.9(b). *See* NextG's Motion for Summary Judgment, p. 9 ("Presumably, hearings and additional submissions of information are possible.") NextG then relied on this speculation to support its claim that 47 U.S.C. § 253(a) preempted § 11.9(b). According to NextG, requiring NextG to participate in hearings to obtain Wireless Permits may have the effect of prohibiting the provision of telecommunications services. Nonetheless, nowhere in § 11.9(b), or the Department of Public Works Order No. 177,163 implementing § 11.9(b), is there any mention that hearings could be required.

While the City denied a similar allegation about the *possibility* of hearings contained in NextG's complaint, to eliminate any uncertainty as to a fact that this Court should find is undisputed – that no hearings are required – the City introduced competent testimony from a City employee from each of the City departments that are involved in the process of issuing Wireless Permits.[1]

The first declarant was Daniel McKenna from the Department of Public Works. Mr. McKenna stated in paragraph 28 (emphasis added) of his declaration as follows:

> Neither Ordinance No. 214-17 nor DPW Order No. 177,163 requires DPW to hold any hearings on an application for a Wireless Permit. *For this reason, DPW will not hold any hearings before granting or denying an application for a Wireless Permit.*

The second declarant was Amit K. Ghosh from the Planning Department. Mr. Ghosh stated in paragraph 25 (emphasis added) of his declaration:

> I am informed and believe that NextG has speculated in its Motion for Judgment on the Pleadings that the Planning Department could conduct a hearing after a Wireless Permit application is referred to the Planning Department by DPW. *Nonetheless, Ordinance No. 214-07 states that the Planning Department, not the Planning Commission, would review these applications, which tells me that the Planning Department should conduct its*

---

[1] The Department of Public Health ("DPH") was excluded, because nowhere in its motion did NextG suggest that DPH would hold hearings.

> *review at the staff level without conducting any hearings. This is what the Planning Department intends to do.*

The third declarant was Daniel LaForte from the Recreation and Park Department. Mr. LaForte stated in paragraph 3 (emphasis added) of his declaration:

> I am informed and believe that plaintiff NextG Networks of California, Inc. has speculated in its Motion for Judgment on the Pleadings that the Recreation and Park Department could conduct a hearing after an application for a personal wireless services facilities site permit is referred to the Recreation and Park Department by the Department of Public Works. *Nonetheless, Ordinance No. 214-07 states that the Recreation and Park Department, not the Recreation and Park Commission, would review these applications, which tells me that the Recreation and Park Department should conduct its review at the staff level without conducting any hearings. This is what the Recreation and Park Department intends to do.*

NextG objects to these statements on the ground that they contain "inadmissible legal conclusions based on [these employees'] interpretation[s] of the City's Ordinance." NextG Objections, p. 1. Therefore, according to NextG, these statements "must be excluded." *Id.*

NextG's objection is spurious. The declarants are all presently employed by the City department that is responsible for implementing various aspects of § 11.9(b). Each declarant looked at the language in § 11.9(b) that concerned his department's review of applications for Wireless Permits, and noted it did not make any mention of hearings. Each declarant then stated unequivocally that his department would not hold hearings on applications for Wireless Permits within his department's jurisdiction. Those are not statements of "lay opinions" as to a matter that requires expert testimony. They are statements of fact by percipient witnesses.

NextG also appears to object to paragraphs 6, 8-17, and 21-24 of the Ghosh declaration as improper opinion testimony. *See* NextG Objections, p. 2.[2] Those objections, which NextG does not elucidate, are also spurious:

- Sections 6 and 8 through 17 contain statements of fact concerning why and how the Planning Department identified the protected areas included in § 11.9(b) and DPW Order No. 177,163, § III.D.4. The mere fact that Mr. Ghosh identifies and quotes from City codes does not mean that he is stating an improper opinion.

---

[2] The City can only surmise the nature of NextG's objections to these paragraphs. While NextG notes its objections in the header of the section addressing Mr. Ghosh's declaration, the text following the header does not mention these paragraphs or explain the basis for NextG's objections.

- Sections 21 through 24: (i) identify different sections of the San Francisco Planning Code; (ii) contain quotations from those sections; and (ii) provide the Court with a copy of the quoted sections. Nowhere in the declaration does Mr. Ghosh interpret those sections or offer an opinion as to how they should be interpreted.

This Court should deny NextG's objections to the City's evidence that no hearings will be required. This evidence does not consist of improper opinion testimony. This Court should also deny NextG's objections to other parts of the Ghosh declaration. None of the statements contained therein are improper opinion testimony.

### B. The Ghosh Declaration Does Not Reveal Information NextG Communicated to the City in Settlement Discussions

NextG also objects to other parts of the Ghosh declaration that NextG's claims reveal "communications made during settlement discussions, and appear to suggest implications regarding NextG based on what may have been discussed during such discussions." NextG Objections, p. 2.

Federal Rule of Evidence 408(a) provides that "conduct or statements made in compromise negotiations" are not admissible when "offered to prove liability for, or invalidity of, or amount of a claim." NextG objects to the following statements in Mr. Ghosh's declaration on this ground:

- Paragraph 3, in which Mr. Ghosh states that there were discussions between NextG and DPW in 2004 concerning an agreement that would have allowed NextG to install its wireless facilities in the public rights-of-way.[3]

- Paragraph 4, in which Mr. Ghosh states that the Planning Department was involved in those discussions because it had to review the proposed agreement between NextG and DPW to determine whether it: (a) was consistent with the San Francisco General Plan; and (b) would not have a significant effect on the environment under the California Environmental Quality Act ("CEQA").[4]

- Paragraph 5, in which Mr. Ghosh states that the Planning Department began to develop siting criteria for NextG's facilities as part of its General Plan and CEQA review.

- Paragraph 6, in which Mr. Ghosh identifies the Planning Department's concerns with respect to NextG's proposed facilities.

---

[3] The agreement would have been presented to the Board of Supervisors for approval as part of a settlement of threatened litigation.

[4] Left unsaid by NextG is the fact that the General Plan and CEQA reviews referred to by Mr. Ghosh, and the proposed agreement between NextG and the City, ultimately became public documents when the Planning Commission considered them in a public hearing.

DEFS' OPP. TO EVIDENTIARY OBJECTIONS
CV-08-0985-MHP

4

- Paragraph 7, in which Mr. Ghosh states that the Planning Department used this prior work to determine the protected locations the City ultimately identified in § 11.9(b) and DPW Order No. 177,163, § III.D.4.

By its own terms, Rule 408 does not require the exclusion of evidence simply "because it is presented in the course of compromise negotiations." *ABM Industries, Inc. v. Zurich American Insurance Co.*, 237 F.R.D. 225, 228 (N.D. Cal. 2006). Instead, Rule 408 is clearly intended to apply only to statements made by the party against whom the statements are being used. Nowhere in his declaration did Mr. Ghosh reveal any *statements made to the City by NextG* during the settlement negotiations. For this reason, Rule 408 is not a valid ground for excluding Mr. Ghosh's testimony.

The Court should deny NextG's objections to Mr. Ghosh's declaration. Nothing contained therein reveals statements made by NextG in settlement negotiations.

Dated: May 23, 2008

DENNIS J. HERRERA
City Attorney
THERESA L. MUELLER
Chief Energy and Telecommunications Deputy
WILLIAM K. SANDERS
THOMAS J. LONG
Deputy City Attorneys


By:_____/s/_____
THOMAS J. LONG

Attorneys for Defendants
THE CITY AND COUNTY OF SAN FRANCISCO and THE DEPARTMENT OF PUBLIC WORKS OF THE CITY AND COUNTY OF SAN FRANCISCO