CITY AND COUNTY OF SAN FRANCISCO     OFFICE OF THE CITY ATTORNEY



DENNIS J. HERRERA
City Attorney

THOMAS J. LONG
Deputy City Attorney

DIRECT DIAL:  (415) 554-6548
E-MAIL:      thomas.long@sfgov.org

August 8, 2008

**Via E-Filing**

Honorable Marilyn Hall Patel
United States District Judge
450 Golden Gate Avenue,
San Francisco, California 94102

    Re:    NextG Networks of California, Inc. v. City and County of San Francisco
            Case No. CV-08-0985-MHP

Dear Judge Patel:

      In accordance with the process described in the Joint Status Conference Statement of plaintiff NextG Networks of California, Inc. ("NextG") and defendants the City and County of San Francisco and the Department of Public Works (collectively "the City") that is being submitted separately today, enclosed is the City's proposed Judgment. The City believes that its proposed Judgment faithfully reflects the determinations made in your June 23, 2008 Memorandum and Order.

      In conversations with counsel for NextG, the City has learned that NextG has a view that differs from the City regarding the scope of the Court's preemption of the standards by which the City's Planning Department and Recreation and Park Department may review applications for personal wireless service facilities site permits ("wireless permits"). The City believes that the Court's Memorandum and Order is clear that *review* of wireless permit applications by these City departments is a permissible form of management of the public rights-of-way under 47 U.S.C. § 253(c), but that the *standards* for that review by these City departments set forth in San Francisco Administrative Code sections 11.9(b)(2)(A) and (B) are not saved by section 253(c). (Memorandum and Order, p. 15, lines 1-5). The City's proposed Judgment closely tracks the Court's decision by specifying that only the sentences in sections 11.9(b)(2)(A) and (B) that state the standard of review are preempted and unenforceable.

      As the City explains in today's Joint Status Conference Report, the City is now developing new legislation that, among other things, will establish more detailed and specific standards of review by the Planning Department and the Recreation and Park Department. Proposed legislation (a copy of which is attached to the Joint Status Conference Report) has been introduced at the City's Board of Supervisors ("Board"). During the Board's deliberation process, interested parties (including NextG) will have an opportunity to present their views both informally and in a formal hearing before a committee of the Board. The new legislation could be approved as early as late September of this year.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Judge Patel
Page 2
August 8, 2008

      In the absence of an enforceable standard for review, the Department of Public Works has suspended review of applications that require the approval of the Planning Department and Recreation and Park Department. The Department of Public Works is continuing to review and issue applications for wireless permits that do not require approval of these other City departments.

      The City notes that, at this time, NextG has not indicated whether it will request dismissal of the remaining unresolved claim in this case, its third claim under the Contracts Clause of the United States Constitution. The City's position is that no judgment should be entered until that claim has been resolved, preferably by a stipulation of dismissal.

      Very truly yours,

      DENNIS J. HERRERA
      City Attorney

      /S/

      THOMAS J. LONG
      Deputy City Attorney

cc: All counsel on e-service list

ATTACHMENT

DENNIS J. HERRERA, State Bar #139669
City Attorney
THERESA L. MUELLER, State Bar #172681
Chief Energy and Telecommunications Deputy
WILLIAM K. SANDERS, State Bar #154156
THOMAS J. LONG, State Bar #124776
Deputy City Attorneys
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
Telephone:     (415) 554-6771
Facsimile:      (415) 554-4757
E-Mail:          william.sanders@sfgov.org

Attorneys for Defendants
THE CITY AND COUNTY OF SAN FRANCISCO and
THE DEPARTMENT OF PUBLIC WORKS OF THE
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTG NETWORKS OF CALIFORNIA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO and THE DEPARTMENT OF PUBLIC WORKS OF THE CITY OF SAN FRANCISCO,<br><br>Defendants. | Case No. CV-08-0985-MHP<br><br>**[PROPOSED] JUDGMENT** |

Plaintiff NextG Networks of California, Inc. ("NextG") made a motion for judgment on the pleadings on the first and second claims of its complaint. Pursuant to Federal Rule of Civil Procedure 12(d), the Court converted NextG's motion to a motion for summary judgment. Defendants the City and County of San Francisco and the Department of Public Works of the City and County of San Francisco (collectively "City") made a counter motion for summary judgment on the first and second claims. The subjects of these motions were City Ordinance number 214-07 ("Ordinance"), codified

1  at San Francisco Administrative Code sections 11.1 and 11.9, and the implementing regulations set
2  forth in Department of Public Works Order No. 117,163 ("DPW Order"). On June 9, 2008, the Court
3  heard the motions. On June 23, 2008, the Court filed a Memorandum and Order Re: Cross–Motions
4  for Summary Judgment ("Memorandum & Order") resolving the first and second claims of the
5  complaint.

7  For the reasons set forth in the Memorandum and Order, the Court issues the following
8  judgment with respect to the plaintiff's first claim for relief under 47 U.S.C. § 253:
9  (1) Except as specifically stated in this Judgment, the Ordinance and DPW Order are not
10  preempted by section 253.
11  (2) The appeals process allowed under City law and referenced in Section VI of the DPW
12  Order is preempted by 47 U.S.C. § 253(a) and not saved by the safe harbor provisions of 47 U.S.C. §
13  253(b) and 47 U.S.C. § 253(c). The Court therefore enjoins the City from allowing members of the
14  public or an applicant for a personal wireless service facilities site permit ("Wireless Permit") to
15  appeal determinations of the Department of Public Works to the Board of Permit Appeals.
16  (3) San Francisco Administrative Code section 11.9(b)(3)(D), which affords the Director of
17  Public Works discretion to require additional fees for permit applications, is preempted under section
18  253(a) and not saved by the safe harbor provisions of sections 253(b) and (c). The Court therefore
19  enjoins the City from requiring applicants for Wireless Permits to pay any such discretionary fees.
20  (4) San Francisco Administrative Code section 11.9(b)(2)(C), which requires review of
21  Wireless Permit applications by the City's Department of Public Health, is proscribed by Section
22  253(a), but saved by the safe harbor provision of section 253(b).
23  (5) San Francisco Administrative Code sections 11.9(b)(2)(A) and (B), which require review
24  by the Planning Department and Recreation and Park Department, respectively, of Wireless Permit
25  applications to construct personal wireless service facilities in certain enumerated locations, are
26  proscribed by section 253(a), but saved by the safe harbor provision of section 253(c).
27  (6) San Francisco Administrative Code sections 11.9(b)(2)(A) and (B), which establish
28  certain standards for review by the Planning Department and Recreation and Park Department,

respectively, of Wireless Permit applications to construct personal wireless service facilities in certain enumerated locations, are proscribed by section 253(a) and are not saved by the safe harbor provision of sections 253(b) or 253(c). The Court therefore enjoins the City from enforcing the provisions set forth below:

      (a)     The second sentence of San Francisco Administrative Code Section 11.9(b)(2)(A), which reads: "The Planning Department shall not recommend approval of a Personal Wireless Service Facilities Site Permit unless the Planning Department determines that a Personal Wireless Service Facility in the proposed location is consistent with the public health, safety, convenience and general welfare and will not unreasonably affect, intrude upon or diminish any of the identified City resources."

      (b)     The second sentence of San Francisco Administrative Code Section 11.9(b)(2)(B), which reads: "The Recreation and Park Department shall not recommend approval of a Personal Wireless Service Facilities Site Permit unless the Recreation and Park Department determines that a Personal Wireless Service Facility in the proposed location will not unreasonably affect, intrude upon or diminish a City park or open space."

For the reasons set forth in the Memorandum and Order, the Court declines supplemental jurisdiction of plaintiff's second claim for relief under California Public Utilities Code Sections 7901 and 7901.1, pursuant to 28 U.S.C. § 1367(c)(1), and dismisses the second claim.

IT IS SO ORDERED, ADJUDGED AND DECREED.

Dated: August ___, 2008

_____
The Honorable Marilyn Hall Patel
United States District Court Judge
Northern District of California

[PROPOSED] JUDGMENT
CV-08-0985-MHP

3