1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   THERESA L. MUELLER, State Bar #172681
    WILLIAM K. SANDERS, State Bar #154156
3   THOMAS J. LONG, State Bar #124776
    Deputy City Attorneys
4   City Hall, Room 234
    San Francisco, California 94102-4682
5   Telephone:    (415) 554-6548
    Facsimile:    (415) 554-4757
6
    Attorneys for Defendants
7
8   MARTIN L. FINEMAN, State Bar No. 104413
    SUZANNE TOLLER, State Bar No. 129903
9   DAVIS WRIGHT TREMAINE, LLP
    505 Montgomery St., Suite 800
10  San Francisco, California 94111-6533
    Telephone: (415) 276-6500
11  Facsimile: (415) 276-6599

12  T. SCOTT THOMPSON, *pro hac vice*
    DAVIS WRIGHT TREMAINE, LLP
13  1919 Pennsylvania Avenue, N.W., Suite 200
    Washington, D.C. 20006
14  Telephone 202-973-4200
    Facsimile: 202-973-4499

15  ROBERT L. DELSMAN, State Bar No. 142376
    NEXTG NETWORKS, INC.
16  2216 O'Toole Avenue
    San José, California 95131
17
    Attorneys for Plaintiff
18
19              UNITED STATES DISTRICT COURT

20            NORTHERN DISTRICT OF CALIFORNIA

21               SAN FRANCISCO DIVISION

22  NEXTG NETWORKS OF CALIFORNIA,         Case No. CV-08-0985-MHP
    INC., a Delaware corporation,

23          Plaintiff,                    **JOINT STATUS CONFERENCE
                                          REPORT**
24      vs.
                                          Conference Date:    August 18, 2008
25  THE CITY AND COUNTY OF SAN            Time:               3:00 p.m.
    FRANCISCO and THE DEPARTMENT          Place:              Courtroom 15
26  OF PUBLIC WORKS OF THE CITY OF
    SAN FRANCISCO,
27
            Defendants.
28

Pursuant to the Clerk's Notice dated July 17, 2008 scheduling a status conference in the above-captioned case for August 18, 2008, plaintiff NextG Networks of California, Inc. ("NextG") and defendants the City and County of San Francisco and its Department of Public Works (collectively "the City") submit this Joint Status Conference Report.

## A.    Background

NextG's Complaint alleged three claims for relief: first, a claim that the City's Wireless Permit Ordinance and implementing Regulations are preempted under 47 U.S.C. § 253; second, a claim that the City's Wireless Permit Ordinance and implementing Regulations are preempted under California Public Utilities Code §§ 7901 and 7901.1; third, a claim that the City's Wireless Permit Ordinance and implementing Regulations violate the Contracts Clause of the United States Constitution.

In a Memorandum and Order ("Order") filed June 23, 2008, in response to NextG's motion for judgment on the pleadings and the City's cross motion for summary judgment, the Court resolved the first two claims of the Complaint. With respect to the first claim, the Court preempted the City's Ordinance and Regulations in part and otherwise upheld the City's Ordinance and Regulations. The Court declined supplemental jurisdiction of the second claim and dismissed it. The parties' motions, and consequently the Order, did not address NextG's third claim.

## B.    Joint Status Report

Counsel for NextG and the City having met and conferred, the parties report as follows. At this time, NextG does not wish to litigate its third claim for relief and seeks an entry of judgment. The City does not oppose entry of judgment provided that NextG voluntarily dismisses its third claim.

The parties discussed the submission of a proposed judgment for the Court's consideration. The discussion made clear that the parties do not agree on the scope of the preemption ordered by the Court's Order and therefore disagree on the wording of such a judgment. In particular, the parties'

disagree regarding the extent of preemption applicable to the portions of the City's Ordinance requiring that certain applications be referred to the City's Planning Department and Recreation and Park Department.

To assist the Court in the preparation of a judgment, the parties agreed to separately submit their respective proposed judgments by letter to the Court on Friday, August 8, 2008 and to submit their respective comments on the other party's proposed judgment by letter to the Court on Thursday, August 14, 2008.

### C.    City's Report on Status of Amended Legislation

The City has been developing an amended Ordinance to address the provisions that the Court preempted in its Order. Proposed legislation has been introduced. A copy of the proposed legislation, as well as a legislative summary, is attached to this Status Report.

The City's legislative process first requires at least one hearing before a committee of the Board of Supervisors ("Board"). As required under Board rules, the Board President has determined that the proposed legislation will not be heard by a Board committee until 30 days after introduction. (In any event, the Board will be in recess the weeks of August 18, August 25 and September 1.) The committee hearing(s) provides an opportunity for any interested parties to present their views to the Board. If the committee sends the legislation to the full Board, the legislation becomes law after it has been approved at two separate Board meetings and is either signed by the Mayor or not vetoed within 10 days after Board approval of the legislation. Board committees meet either weekly or bi-weekly, and the full Board meets weekly, except for occasional weeks when the Board is in recess.

### D.    NextG's Views Regarding Amended Legislation

NextG is working with other DAS Providers to submit to the City proposed objective standards that they believe would provide the certainty and guidance discussed in the Court's Order. NextG believes that only through coordination with industry, as opposed to unilateral imposition, will

1   the City be able to adopt appropriate, objective standards that will both protect the City's interests and

2   reflect the needs and practical capabilities of providers and consumers.

3

4   **E.    Conclusion**

5   The parties have no further matters to bring before the Court at this time.

6

7   Dated: August 8, 2008                    DENNIS J. HERRERA
                                             City Attorney
8                                            THERESA L. MUELLER
                                             Chief Energy and Telecommunications Deputy
9                                            WILLIAM K. SANDERS
                                             THOMAS J. LONG
10                                           Deputy City Attorneys

11

12                              By:_____/s/_____
13                                            THOMAS J. LONG

14                                           Attorneys for Defendants

15  Dated:  August 8, 2008                   MARTIN L. FINEMAN,
                                             SUZANNE TOLLER
16                                           T. SCOTT THOMPSON
                                             DAVIS WRIGHT TREMAINE, LLP
17
                                             ROBERT L. DELSMAN
18                                           NEXTG NETWORKS, INC.

19

20                              By:_____/s/_____.
21                                            T. SCOTT THOMPSON

22                                           Attorneys for Plaintiff

23

24

25

26

27

28

ATTACHMENT

FILE NO.                               ORDINANCE NO.

1    [Personal Wireless Service Facilities Site Permits]

2    **Ordinance amending the San Francisco Administrative Code by amending section 11.9**

3    **to: (1) establish new standards for review by the Planning Department and the**

4    **Recreation and Park Department of applications for personal wireless service facilities**

5    **site permits; (2) establish the right to protest the grant or denial of applications for**

6    **personal wireless service facilities site permits; (3) authorize the Department of Public**

7    **Works to establish certain requirements for all applications for personal wireless**

8    **service facilities site permits; (4) change certain fees applicable to personal wireless**

9    **service facilities site permits; (5) extend the term of personal wireless service facilities**

10   **site permits; and (6) make specified technical changes to the application process and**

11   **requirements for personal wireless service facilities site permits.**

12                  Note:          Additions are _single-underline italics Times New Roman_;
deletions are ~~_strikethrough italics Times New Roman_~~.

13                                           Board amendment additions are <u>double underlined</u>.

14                                           Board amendment deletions are ~~strikethrough normal~~.

15   Be it ordained by the People of the City and County of San Francisco:

16   Section 1.  Findings.

17        (A)        In 2007, the Board of Supervisors adopted Ordinance No. 214-07 to amend the

18   Administrative Code to require that persons seeking to install personal wireless service

19   facilities in the public rights-of-way obtain personal wireless service facilities site permits.

20   That Ordinance, which was codified in San Francisco Administrative Code § 11.9(b), was in

21   part a response to two separate lawsuits filed against the City and County of San Francisco

22   ("City").  The courts in those case held that federal law (47 U.S.C. § 253) preempted the City's

23   authority to require telecommunications carriers to obtain major encroachment permits to

24   construct personal wireless service facilities in the public rights-of-way.  See _GTE Mobilnet of_

25   _California L.P. v. City and County of San Francisco_, 2007 WL 420089 (N.D. Cal., Feb. 6,

FILE NO.                                    ORDINANCE NO.

1   2007); *NextG Networks of California, Inc. v. City of San Francisco*, 2006 WL 1529990 (N.D.

2   Cal., June 2, 2006).

3        (B)    The City's requirement in Section 11.9(b) that telecommunications carriers

4   obtain personal wireless service facilities site permits has also been challenged in federal

5   court by NextG Networks of California, Inc. ("NextG").  NextG argued that federal law

6   (47 U.S.C. § 253) preempted Section 11.9(b) in its entirety.  The court upheld the ordinance in

7   large part but determined that federal law preempted certain aspects of Section 11.9(b).

8   *NextG Networks of California, Inc. v. City and County of San Francisco*, 2008 WL 2563213

9   (N.D. Cal., June 23, 2008).

10        (C)    In particular, the court upheld the City's right to engage in subjective, aesthetic

11   review of applications to install personal wireless service facilities in order to protect the City's

12   valuable scenic, historical, architectural, and recreation resources.  However, the court found

13   that the City's standards for such review by the Planning and Recreation and Park

14   Departments contained in Section 11.9(b) were preempted because they were not sufficiently

15   detailed and specific to give applicants appropriate notice and City decision-makers proper

16   guidance.

17        (D)    The court also held that federal law preempted: (i) Section 11.9(b) to the extent

18   it would allow the City to impose discretionary fees on applicants for personal wireless service

19   facilities site permits; and (ii) City law to the extent that it would allow any person to appeal to

20   the Board of Appeals a determination by the Department of Public Works to grant or deny an

21   application for a personal wireless service facilities site permit.

22        (E)    Four of the proposed amendments to Section 11.9(b) amend the law in a

23   manner that is required by the court's decision.  Another amendment changes the term of a

24   personal wireless service facilities site permit from two to ten years to comply with California

25

Department of Public Works
**BOARD OF SUPERVISORS**

FILE NO.                                    ORDINANCE NO.

1    Government Code § 65964(b).  The other amendments are consistent with the court's order

2    and will enable the City to better protect the public rights of way.

3            Section 2.     The San Francisco Administrative Code is hereby amended by amending

4    Section 11.9, to read as follows:

5            SEC. 11.9.  UTILITY CONDITIONS PERMIT, PERSONAL WIRELESS SERVICE

6    FACILITIES SITE PERMIT.

7            (a)      Utility Conditions Permit.

8            (1)      Required for Providers of Telecommunications Service, State Video Service and

9    Personal Wireless Service.  The Department of Public Works shall require a Person to obtain

10   a Utility Conditions Permit prior to the construction, installation, or maintenance of Facilities in

11   the Public Rights-of-Way that will be used to provide Telecommunications Service, State

12   Video Service or Personal Wireless Service.  UCPs shall be issued by the Department of

13   Public Works in a manner consistent with Applicable Law to Persons who are willing to

14   comply with the City's requirements regarding the physical use and occupation of the Public

15   Rights-of-Way and who have: (A) authority to occupy the Public Rights-of-Way pursuant to

16   California Public Utilities Code Section 7901; (B) authority to occupy the Public Rights-of-Way

17   pursuant to California Public Utilities Code Section 5885; or (C) a license to provide Personal

18   Wireless Service issued under federal law.  Persons intending to construct, install, or maintain

19   Facilities to provide Telecommunications Services, State Video Service or Personal Wireless

20   Service shall prove their legal right to occupy and use the Public Rights-of-Way by providing

21   the Department of Public Works a copy of their current: (a) certificate of public convenience

22   and necessity issued by the CPUC (which shall expressly state the Person's authority to

23   provide facilities-based Telecommunications Service); (b) State Video Service Franchise

24   issued by the CPUC; or (c) license to provide Personal Wireless Service issued by the FCC.

25   The Department of Public Works shall include in a UCP such conditions, in addition to those

FILE NO.                                    ORDINANCE NO.

1    already set forth in Applicable Law, as may be required to govern the Permittee's

2    construction, installation, or maintenance of Facilities in the Public Rights-of-Way to protect

3    and benefit the public health, safety and welfare.  The terms and conditions of a UCP shall be

4    limited to those areas consistent with the City's authority under Applicable Law.  A UCP shall

5    have a term of no longer than two (2) years and may be renewed in accordance with

6    requirements established by the Department in the UCP.  A UCP shall provide that the

7    Permittee is not entitled to construct, install, or maintain Personal Wireless Service Facilities

8    in the Public Rights-of-Way without obtaining a Personal Wireless Service Facilities Site

9    Permit under Section 11.9(b) below.

10           (2)      UCP ~~fee~~Fee.  Any Person required to obtain or renew a UCP shall pay to the

11   Department of Public Works a non-refundable application fee of two thousand dollars ($2,000)

12   to compensate the City for all costs (including the City Attorney's costs) related to: (A)

13   establishing the Person's authority to occupy the Public Rights-of-Way; (B) establishing the

14   terms on which Persons may occupy the Public Rights-of-Way; and (C) granting, monitoring,

15   enforcing, renewing, revising or revoking UCPs.  These fees shall be deposited in the Public

16   Works Excavation Fund established by Section 10.100-230 of the San Francisco

17   Administrative Code.

18           (b)      Personal Wireless Service Facilities Site Permit.

19           (1)      Required for Personal Wireless Service Facilities.  The Department of Public

20   Works shall require a Permittee to obtain a Personal Wireless Service Facilities Site Permit to

21   install, construct, and maintain Personal Wireless Service Facilities in the Public Rights-of-

22   Way.  The Department of Public Works shall include in a Personal Wireless Service Facilities

23   Site Permit such conditions, in addition to those already set forth in Applicable Law, as may

24   be required to govern the construction, installation, or maintenance of Personal Wireless

25   Service Facilities in the Public Rights-of-Way to protect and benefit the public health, safety

FILE NO.                                    ORDINANCE NO.

1    and welfare.  The terms and conditions of a Personal Wireless Service Facilities Site Permit

2    shall be limited to those areas consistent with the City's authority under Applicable Law.  A

3    Personal Wireless Service Facilities Permit shall have a *maximum* term of ~~no longer than two~~*ten*

4    ~~(2)~~*(10)* years~~and may be renewed in accordance with requirements established by the Department in~~

5    ~~the Personal Wireless Service Facilities Site Permit~~.

6         *(2)    Minimum Requirements for Personal Wireless Service Facilities.  In addition to the*

7    *other requirements set forth in this Section 11.9(b), the Department of Public Works shall adopt such*

8    *orders or regulations as it deems necessary in order to preserve and maintain the Public Rights-of-Way*

9    *by:  (a) prohibiting the construction of additional utility poles in the Public Rights-of-Way for the*

10   *purpose of installing Personal Wireless Service Facilities; (b) prohibiting increases to the height of any*

11   *utility poles used to install Personal Wireless Service Facilities; (c) limiting the number of Personal*

12   *Wireless Service Facilities that may be installed on a single block face; and (d) limiting the size,*

13   *number and types of equipment that may be installed on a single utility pole as part of a Personal*

14   *Wireless Service Facility.  For purposes of this subsection, "utility poles" includes without limitation*

15   *streetlight poles.*

16        ~~(2)~~*(3)*  Procedure for Personal Wireless Service Facilities Site Permits.  The

17   Department of Public Works shall implement a procedure for issuing Personal Wireless

18   Service Facilities Site Permits that is consistent with Applicable Law and the requirements of

19   this Section.

20        (A)    Review by the Planning Department.

21        *(i)*     The Department of Public Works shall submit to the Planning Department for

22   review any application for a Personal Wireless Service Facilities Site Permit allowing for the

23   construction, installation, or maintenance of Personal Wireless Service Facilities *in any of the*

24   *locations enumerated in subsection (ii) below.*~~: (i) on historic, historically or architecturally significant,~~

25   ~~decorative, or specially designed utility poles; (ii) in a historic or locally significant district; (ii)~~

Department of Public Works
**BOARD OF SUPERVISORS**                                                    Page 5
                                                                           8/4/2008

FILE NO.                                    ORDINANCE NO.

1    ~~adjacent to a historic, architecturally significant or locally significant building; or (iv) on a street~~

2    ~~where the City and County of San Francisco General Plan has identified the presence of valued scenic~~

3    ~~resources that should be protected and conserved.~~   *The Planning Department will review the*

4    *application without conducting a public hearing.*

5         *(ii)*     The Planning Department shall not recommend approval of a*n application for a*

6    Personal Wireless Service Facilities Site Permit unless the Planning Department determines

7    *on review of the application* that a Personal Wireless Service Facility in the proposed location ~~is~~

8    ~~consistent with the public health, safety, convenience and general welfare and will not unreasonably~~

9    ~~affect, intrude upon or diminish any of the identified City resources.~~ *meets the standard(s) applicable to*

10   *the proposed location of the Personal Wireless Service Facility, as set forth below:*

11        *(aa)    On a historic, historically or architecturally significant, decorative, or specially*

12   *designed streetlight pole, the Planning Department shall not recommend approval of the application*

13   *unless the Planning Department determines that the installation of the proposed Personal Wireless*

14   *Service Facility would not significantly degrade the aesthetic attributes that distinguish the pole as*

15   *historic, historically significant, decorative or specially designed.*

16        *(bb)    On a street that is in a national historic landmark district, listed or eligible national*

17   *register historic district, listed or eligible California register historic district, San Francisco landmark*

18   *district, local historic or conservation district, or locally significant district, the Planning Department*

19   *shall not recommend approval of the application unless the Planning Department determines that the*

20   *installation of the proposed Personal Wireless Service Facility would not significantly degrade the*

21   *aesthetic attributes that were the basis for the special designation of the district.*

22        *(cc)    On a utility or streetlight pole that is adjacent to a national historic landmark,*

23   *California landmark, San Francisco landmark, structure of merit, architecturally significant building,*

24   *or locally significant building, the Planning Department shall not recommend approval of the*

25   *application unless the Planning Department determines that the installation of the proposed Personal*

FILE NO.                                    ORDINANCE NO.

1   *Wireless Service Facility would not significantly degrade the aesthetic attributes that were the basis for*

2   *the special designation of the building. When used in this subsection, the word "adjacent" shall mean*

3   *on the same side of the street or streets (in the case of a building on a site with multiple street*

4   *frontages) and in front of the building or the next building on either side.*

5   *(dd)    On a street that the City and County of San Francisco General Plan has designated as*

6   *being most significant to City pattern, defining City form, or having an important street view for*

7   *orientation, the Planning Department shall not recommend approval of the application unless the*

8   *Planning Department determines that the installation of the proposed Personal Wireless Service*

9   *Facility would not significantly degrade the aesthetic attributes that were the basis for the designation*

10  *of the street for special protection under the General Plan.*

11  *(ee)    On a street that the City and County of San Francisco General Plan has designated as*

12  *having views that are rated "excellent" or "good," the Planning Department shall not recommend*

13  *approval of the application unless the Planning Department determines that the proposed Personal*

14  *Wireless Service Facility would not significantly impair the views of any of the important buildings,*

15  *landmarks, open spaces or parks that were the reason(s) for the designation of the street as a view*

16  *street.*

17  *(iii)*    Where review by the Planning Department is required, the Department of Public

18  Works shall not issue a *Personal* Wireless Service~s~ Facilities Site Permit unless the Planning

19  Department has recommended approval. *The recommendation of the Planning Department to*

20  *grant or deny an application for a Personal Wireless Service Facilities Site Permit shall be in writing*

21  *and shall set forth the reason(s) for the recommendation. The Planning Department may recommend*

22  *that the Department of Public Works grant the application only if the applicant complies with certain*

23  *conditions requested by the Planning Department. Any such proposed conditions must be consistent*

24  *with the requirements of subsection (ii) above and may include a condition that any or all of the*

25

FILE NO.                                    ORDINANCE NO.

1    *equipment proposed to be installed on a utility or streetlight pole as part of a Personal Wireless Service*

2    *Facility (not including any antennas) be placed underground instead of on the pole.*

3        *(iv)    The Planning Department shall make its recommendation to the Department of Public*

4    *Works within fifteen (15) business days of receipt of an application for a Personal Wireless Service*

5    *Facilities Site Permit from the Department of Public Works.  If the Planning Department determines*

6    *that its review of an application for a Personal Wireless Service Facilities Site Permit cannot be*

7    *completed in the time required herein, the Planning Department shall notify the Department of Public*

8    *Works and the applicant that it needs an additional five (5) business days to complete its review of the*

9    *application.*

10       *(v)    Consistent with the requirements of subsection (ii) above, the Planning Department may*

11   *by order or regulation develop objective standards for Personal Wireless Service Facilities proposed to*

12   *be installed in the locations set forth in subsection (ii).  The Planning Department may include in such*

13   *order or regulation a determination that the Department of Public Works should approve any*

14   *application to install a Personal Wireless Service Facility that meets these objective standards without*

15   *a reference to the Planning Department.*

16       (B)    Review by the Recreation and Park Department.

17       *(i)*    The Department of Public Works shall submit to the Recreation and Park

18   Department for review any application for a Personal Wireless Service Facilities Site Permit

19   allowing for the construction, installation, or maintenance of a Personal Wireless Service

20   Facility adjacent to a City park or open space.  *The Recreation and Park Department will review*

21   *the application without conducting a public hearing.  When used in this subsection, the word*

22   *"adjacent" shall mean a block face contiguous with and on the same side of the street as the City park*

23   *or open space.*

24       *(ii)*    The Recreation and Park Department shall not recommend approval of a*n*

25   *application for a* Personal Wireless Service Facilities Site Permit unless the Recreation and

FILE NO.                                    ORDINANCE NO.

1    Park Department determines *on review of the application* that *installation of the proposed* ~~a~~

2    Personal Wireless Service Facility ~~in the proposed location will~~ *would* not~~unreasonably affect,~~

3    ~~intrude upon or diminish a City park or open space~~ *significantly impair the views of the City park or*

4    *open space or significantly degrade the aesthetic or natural attributes that define the City park or open*

5    *space.*

6         *(iii)*    Where review by the Recreation and Park Department is required, the

7    Department of Public Works shall not issue a *Personal* Wireless Service~~s~~ Facilities Site Permit

8    unless the Recreation and Park Department has recommended approval.  *The recommendation*

9    *of the Recreation and Park Department to grant or deny an application for a Personal Wireless Service*

10   *Facilities Site Permit shall be in writing and shall set forth the reason(s) for the recommendation.  The*

11   *Recreation and Park Department may recommend that the Department of Public Works grant the*

12   *application only if the applicant complies with certain conditions requested by the Recreation and Park*

13   *Department.  Any such proposed conditions must be consistent with the requirements of subsection (ii)*

14   *above and may include a condition that any or all of the equipment proposed to be installed on a utility*

15   *or streetlight pole as part of a Personal Wireless Service Facility (not including any antennas) be*

16   *placed underground instead of on the pole.*

17        *(iv)     The Recreation and Park Department shall make its recommendation to the Department*

18   *of Works within fifteen (15) business days of receipt of an application for a Personal Wireless Service*

19   *Facilities Site Permit from the Department of Public Works.*

20        *(v)     Consistent with the requirements of subsection (ii) above, the Recreation and Park*

21   *Department may by order or regulation develop objective standards for Personal Wireless Service*

22   *Facilities proposed to be installed adjacent to a City park or open space.  The Recreation and Park*

23   *Department may include in such order or regulation a determination that the Department of Public*

24   *Works should approve any application to install a Personal Wireless Service Facility that meets these*

25   *objective standards without a reference to the Recreation and Park Department.*

Department of Public Works
**BOARD OF SUPERVISORS**

FILE NO.                                    ORDINANCE NO.

1        (C)      Review by the Department of Public Health.

2        _(i)_____The Department of Public Works shall submit to the Department of Public Health

3    for review any application for a Personal Wireless Service Facilities Site Permit allowing for

4    the construction, installation, or maintenance of a Personal Wireless Service Facility. _The_

5    _Department of Public Health will review the application without conducting a public hearing._

6        _(ii)_      The Department of Public Health shall not recommend approval of a_n application_

7    _for a_ Personal Wireless Service Facilities Site Permit unless the Department of Public Health

8    determines _on review of the application_ that any human exposure to radio frequency emissions

9    from the proposed Personal Wireless Service Facility is within limits established by the FCC.

10       _(iii)_      The Department of Public Works shall not issue a _Personal_ Wireless Service ̶s̶

11   Facilities Site Permit unless the Department of Public Health has recommended approval.

12   _The recommendation of the Department of Public Health to grant or deny an application for a_

13   _Personal Wireless Service Facilities Site Permit shall be in writing and shall set forth the reason(s) for_

14   _the recommendation.  The Department of Public Health may recommend that the Department of Public_

15   _Works grant the application only if the applicant complies with certain conditions requested by the_

16   _Department of Public Health.  Any such proposed conditions must be intended to ensure that any_

17   _human exposure to radio frequency emissions from the proposed Personal Wireless Service Facility is_

18   _within limits established by the FCC._

19       _(iv)_      _The Department of Public Health shall make its recommendation to the Department of_

20   _Public Works within ten (10) business days of receipt of the application from the Department of Public_

21   _Works._

22       _(D)_      _Determinations._

23       _(i)_      _A determination by the Department of Public Works to grant or deny an application for_

24   _a Personal Wireless Service Facilities Site Permit shall be in writing and shall state the reasons for the_

25   _determination._

Department of Public Works
**BOARD OF SUPERVISORS**

FILE NO.                               ORDINANCE NO.

1         *(ii)     If a determination by the Department of Public Works to grant an application for a*

2 *Personal Wireless Service Facilities Site Permit includes any conditions proposed by the Planning*

3 *Department, the Recreation and Park Department, and/or the Department of Public Health, the*

4 *determination shall specify all the proposed conditions and state that the Personal Wireless Service*

5 *Facilities Site Permit is granted only if the applicant accepts all the proposed conditions.*

6         *(E)     Notices of Determinations.*

7         *(i)     Notice of a Department of Public Works determination to deny an application for a*

8 *Personal Wireless Service Facilities Site Permit shall be sent to the applicant.*

9         *(ii)     Notice of a Department of Public Works determination to grant an application for a*

10 *Personal Wireless Service Facilities Site Permit without conditions or to grant an application with*

11 *conditions accepted by the applicant shall be sent to the applicant and posted in conspicuous places*

12 *throughout the block face where the proposed Personal Wireless Service Facility is to be located.*

13         *(4)     Protests of Determinations by the Department of Public Works.*

14         *(A)     Protests Allowed.  A determination by the Department of Public Works to grant or deny*

15 *an application for a Personal Wireless Service Facilities Site Permit may be protested as follows:*

16         *(i)     An applicant for a Personal Wireless Service Facilities Site Permit may protest a*

17 *Department of Public Works determination to deny an application or to grant an application with*

18 *conditions that are rejected by the applicant.*

19         *(ii)     Any member of the public may protest a Department of Public Works determination to*

20 *grant an application without conditions or to grant an application with conditions accepted by the*

21 *applicant.*

22         *(B)     Protests to City Administrator.  Any protest allowed under subsection (A) shall be*

23 *submitted to the City Administrator.*

24         *(C)     Grounds for Protests.   On any protest allowed under subsection (A), the City*

25 *Administrator shall consider only whether: (i) the Department of Public Works properly applied any*

Department of Public Works
**BOARD OF SUPERVISORS**
                                             Page 11
                                             8/4/2008

FILE NO.                               ORDINANCE NO.

1    *requirements established by the Department under Section 11.9(b)(2) (if that was a basis for the*

2    *determination) or (ii) the Planning Department, the Recreation and Park Department, and/or the*

3    *Department of Public Health properly recommended denying the application or granting the*

4    *application (with or without conditions) under Sections 11.9(b)(3)(A)(ii), 11.9(b)(3)(B)(ii) and/or*

5    *11.9(b)(3)(C)(ii) respectively (if such recommendations were a basis for the determination).*

6         *(D)     Procedure for Protests. The Department of Public Works shall implement a procedure*

7    *for filing, presenting, and reviewing protests of Personal Wireless Service Facilities Site Permits that is*

8    *consistent with Applicable Law and the requirements of this Section.*

9         *(i)     A protest of a Department of Public Works determination with respect to a Personal*

10   *Wireless Service Facilities Site Permit must be filed with the Department of Public Works within ten*

11   *(10) days of the Department's determination, the date of which shall be established by the Department.*

12   *The City Administrator shall not decide any protest that is not filed within the time limit required herein*

13   *and by the Department.*

14        *(ii)     The City Administrator shall not hold a public hearing on a protest. Instead, the City*

15   *Administrator shall make a determination based entirely on a review of the written record provided to*

16   *the City Administrator by the Department of Public Works.*

17        *(iii)     The City Administrator shall decide a protest only on the grounds set forth in Section*

18   *11.9(b)(4)(C). If the protest concerns a Department of Public Works determination that was based on*

19   *a recommendation from the Planning Department, the Recreation and Park Department, and/or the*

20   *Department of Public Health, the City Administrator shall confer with the applicable City department*

21   *head before issuing a decision on the protest.*

22        *(iv)     The City Administrator shall issue a decision on a protest within seven (7) days of the*

23   *receipt of the written record from the Department of Public Works. The City Administrator's decision*

24   *shall be in writing and shall set forth the reasons for the decision.*

25        *(v)     The City Administrator's decision shall be final.*

FILE NO. _____     ORDINANCE NO. _____

1        ~~(3)~~(5)  Personal Wireless Service Facilities Site Permit Fees.  *City departments may*

2     *require fees as set forth below.  The purpose of these fees is to enable City departments to recover their*

3     *costs related to reviewing applications for Personal Wireless Service Facilities Site Permits.*

4        (A)      Fees of the Department of Public Works.  An applicant for a Personal Wireless

5     Service Facilities Site Permit shall pay to the Department of Public Works: (i) a non-

6     refundable application fee of seventy-five dollars ($75.00) for each Personal Wireless Service

7     Facility contained in the application to compensate the Department of Public Works for all

8     costs related to reviewing the application and; (ii) a non-refundable time and materials

9     inspection fee not to exceed one hundred and fifty dollars ($150.00) for each Personal

10    Wireless Service Facility contained in the application to compensate the Department of Public

11    Works for all costs related to inspecting any Personal Wireless Service Facility constructed

12    under a Personal Wireless Service Facilities Site Permit to ensure compliance with all of the

13    terms and conditions of contained therein, including any costs incurred by the Department of

14    Public Health to confirm that human exposure to radio frequency emissions from the Personal

15    Wireless Service~~s~~ Facility is within FCC limits.

16       (B)      Fees of Other City Departments.  Where as required under this Section the

17    Department of Public Works has referred an application for a Personal Wireless Service

18    Facilities Site Permit to the Planning Department, the Recreation and Park Department or the

19    Department of Public Health, the applicant shall pay the following additional fees for each

20    Personal Wireless Service Facility contained in an application for a Personal Wireless Service

21    Facilities Site Permit~~.~~:

22       (i)     *The applicant shall pay* a Planning Department non-refundable fee of one hundred

23    and ~~five~~ *ninety* dollars ~~($105.00)~~ *($190.00)* plus time and materials *for any review that takes more*

24    *than thirty (30) minutes.  In the event the Planning Department develops objective standards to review*

25    *applications for Personal Wireless Service Facilities Site Permits, as authorized by Section*

FILE NO.                                    ORDINANCE NO.

1    *11.9(b)(3)(A)(v), the Planning Department may establish a fee to recover from applicants for Personal*

2    *Wireless Service Facilities Site Permits the actual costs incurred to develop these standards.*~~;~~

3         (ii)    *The applicant shall pay* a Recreation and Park Department non-refundable fee of

4    one hundred and twenty-five dollars ($125.00) *plus time and materials for any review that takes*

5    *more than thirty (30) minutes.  In the event the Recreation and Park Department develops objective*

6    *standards to review applications for Personal Wireless Service Facilities Site Permits, as authorized by*

7    *Section 11.9(b)(3)(B)(v), the Recreation and Park Department may establish a fee to recover from*

8    *applicants for Personal Wireless Service Facilities Site Permits the actual costs incurred to develop*

9    *these standards.* ~~and~~

10        (iii)    *The applicant shall pay* a Department of Public Health non-refundable fee of one

11   hundred and thirty-five dollars ($135.00) plus time and materials for any review that takes

12   more than thirty (30) minutes.  ~~The purpose of these fees is to compensate the applicable City~~

13   ~~department for all costs related to reviewing an application for a Personal Wireless Service Facilities~~

14   ~~Site Permit.~~

15        *(C)     City Administrator Fee.  A Person filing a protest from a determination to grant or deny*

16   *an application for a Personal Wireless Service Facilities Site Permit shall pay a City Administrator fee*

17   *of seventy-five dollars ($75.00).*

18        ~~(C)~~*(D)* Adjustment of Fees for CPI.  Beginning with fiscal year *2009-2010*~~2008-2009~~, the

19   fees established herein may be adjusted each year, without further action by the Board of

20   Supervisors, to reflect changes in the relevant Consumer Price Index ("CPI") ( as determined

21   by the Controller).  No later than April 15th of each year, the Director of Public Works shall

22   submit the  current fee schedule to the Controller, who shall apply the CPI adjustment to

23   produce a new fee schedule for the following year.  No later than May 15th of each year, the

24   Controller shall file a report with the Board of Supervisors reporting the new fee and certifying

25   that: (i) the fees produce sufficient revenue to support the costs of providing the services for

FILE NO.                                    ORDINANCE NO.

1   which the fee is charged; and (ii) the fees do not produce revenue that exceeds the costs of

2   providing the services for which each permit fee is charged.

3        ~~(D)      Discretion to Require Additional Fees.  In instances where the review of an application~~

4   ~~for a Personal Wireless Service Facilities Site Permit is or will be unusually costly to the Department~~

5   ~~of Public Works or to other City agencies, the Director of Public Works, in his or her discretion, may~~

6   ~~require a Person filing an application for a Personal Wireless Service Facilities Site Permit to pay a~~

7   ~~sum in excess of the amount charged pursuant to this section.  This additional sum shall be sufficient to~~

8   ~~recover actual costs incurred by the Department of Public Works and/or other agencies, boards,~~

9   ~~commissions, or departments of the City in connection with an application for approval of a Personal~~

10  ~~Wireless Service Facilities Permit and shall be charged on a time and materials basis.  Whenever~~

11  ~~additional fees are charged, the Director of Public Works, upon request, shall provide in writing the~~

12  ~~basis for the additional fees and an estimate of the additional fees.~~

13       (E)      Deposit of Fees.  All fees paid to the Department of Public Works for Personal

14  Wireless Service Facilities Site Permits shall be deposited in the Public Works Excavation

15  Fund established by Section 10.100-230 of the San Francisco Administrative Code.  All other

16  fees shall go directly to the appropriate City department.

17       Section 3.      Application of the Ordinance.  The amendments to San Francisco

18  Administrative Code Sections 11.9(b)(3)(A), 11.9(b)(3)(B), and 11.9(b)(4) contained herein,

19  and the repeal of former Administrative Code Section 11.9(b)(3)(D), shall apply to all

20  applications for Personal Wireless Service Facilities Site Permits, including those filed prior to

21  the June 23, 2008 court order.  Retrospective application of those provisions is required in

22  order for the City to comply with the court's order.  All of the other amendments to San

23  Francisco Administrative Code Section 11.9(b) contained herein shall apply only to

24  applications that are pending as of the date on which this ordinance was introduced.

25

FILE NO.                                    ORDINANCE NO.

1       Section 4.    Environmental Findings.  The Planning Department has reviewed the

2  ordinance in accordance with the California Environmental Quality Act  (California Public

3  Resources Code Section 21000 *et seq.*).  The Board hereby affirms the determination of the

4  Planning Department, which is on file with the Clerk of the Board of Supervisors in File No.

5  _____ and which is hereby declared to be a part of this ordinance as if set forth fully

6  herein.

7

8  APPROVED AS TO FORM:
   DENNIS J. HERRERA, City Attorney

9

10  By:   _____

11        WILLIAM K. SANDERS
         Deputy City Attorney

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Department of Public Works
**BOARD OF SUPERVISORS**

FILE NO.

## <u>LEGISLATIVE DIGEST</u>

[Personal Wireless Service Facilities Site Permits]

**Ordinance amending the San Francisco Administrative Code by amending section 11.9 to: (1) establish new standards for review by the Planning Department and the Recreation and Park Department of applications for personal wireless service facilities site permits; (2) establish the right to protest the grant or denial of applications for personal wireless service facilities site permits; (3) authorize the Department of Public Works to establish certain requirements for all applications for personal wireless service facilities site permits; (4) change certain fees applicable to personal wireless service facilities site permits; (5) extend the term of personal wireless service facilities site permits; and (6) make specified technical changes to the application process and requirements for personal wireless service facilities site permits.**

### Existing Law

Last year, the Board of Supervisors adopted Ordinance No. 214-07, which among other things required permits from the Department of Public Works ("DPW") to install personal wireless service facilities in the public rights-of-way ("Wireless Permits"). This part of Ordinance No. 214-07 was codified in San Francisco Administrative Code § 11.9(b).

Section 11.9(b) enables the City and County of San Francisco ("City") to regulate the location and design of wireless facilities by requiring review of an application for a Wireless Permit by: (i) the Planning Department for facilities that are on historic or architecturally significant utility poles, in historic districts, adjacent to historic or architecturally significant buildings, or in scenic view corridors; and (ii) the Recreation and Park Department for facilities that are adjacent to City parks or open space.

Under Section 11.9(b), the Planning Department must determine that approval of a Wireless Permit application is consistent with the public health, safety, convenience and general welfare and would not unreasonably affect, intrude upon or diminish the identified City resource. The Recreation and Park Department must determine that approval of a Wireless Permit application would not unreasonably affect, intrude upon or diminish a park or open space. DPW may not issue a Wireless Permit in these protected areas unless the Planning Department and/or the Recreation and Park Department recommend approval.

### Amendments to Current Law

Four of the proposed amendments to Section 11.9(b) amend the law in a manner that is required by a recent court decision (see below).

**Department of Public Works**
**BOARD OF SUPERVISORS**

**FILE NO.**

First, the ordinance amends Section 11.9(b)(3)(A)(ii) to establish new standards for Planning Department review. The new standards are both detailed and specific to the City resources that are protected by the ordinance and subject to review by the Planning Department (historic, scenic, architectural). Furthermore, Section 11.9(b)(3)(A)(v) authorizes the Planning Department to develop objective standards to make these determinations in the future.

Second, the ordinance amends Section 11.9(b)(3)(B)(ii) to establish a new standard for Recreation and Park Department review. The new standard is both detailed and specific to the resources that are protected by the ordinance and subject to review by the Recreation and Park Department. Furthermore, Section 11.9(b)(3)(C)(v) authorizes the Recreation and Park Department to develop objective standards to make these determinations in the future.

Third, the ordinance adds Section 11.9(b)(4) to require that protests be submitted to the City Administrator, that the City Administrator decide a protest based entirely on the written record (without a hearing), and that the City Administrator determine on a protest whether the DPW determination was properly based on the applicable standards.

Fourth, the ordinance repeals former Section 11.9(b)(4)(D), which allowed City departments to add discretionary fees.

Another amendment changes the term of a Wireless Permit from two to ten years to comply with California Government Code § 65964(b). The other amendments are consistent with the court's order and will enable the City to better protect the public rights of way.

The ordinance also provides that all of the amendments to Section 11.9(b) that are required for the City to comply with a recent court order (*see* discussion below) shall be applied retrospectively to all applications for Wireless Permits. All the other amendments to Section 11.9(b) shall be applied only to applications pending as of the date on which this ordinance was introduced.

<u>Background Information</u>

The Board of Supervisors enacted Section 11.9(b) in part to respond to two separate lawsuits filed against the City. The courts in those case held that federal law (47 U.S.C. § 253) preempted the City's authority to require telecommunications carriers to obtain major encroachment permits to construct personal wireless service facilities in the public rights-of-way. See *GTE Mobilnet of California L.P. v. City and County of San Francisco*, 2007 WL 420089 (N.D. Cal., Feb. 6, 2007); *NextG Networks of California, Inc. v. City of San Francisco*, 2006 WL 1529990 (N.D. Cal., June 2, 2006).

The City's requirement in Section 11.9(b) that telecommunications carriers obtain Wireless Permits has also been challenged in federal court by NextG Networks of California, Inc. ("NextG"). NextG argued that federal law (47 U.S.C. § 253) preempted Section 11.9(b) in its entirety. The court upheld the Wireless Permit ordinance in large part but determined that

**Department of Public Works**
**BOARD OF SUPERVISORS**

**FILE NO.**

federal law preempted certain aspects of Section 11.9(b).  *NextG Networks of California, Inc. v. City and County of San Francisco*, 2008 WL 2563213 (N.D. Cal., June 23, 2008).

Specifically, the court upheld the City's right to engage in subjective, aesthetic review of applications to install Wireless Facilities in the public rights-of-way in order to protect the City's valuable scenic, historical, architectural, and recreation resources.  However, the court found that the City's standards for such review by the Planning and Recreation and Park Departments contained in Section 11.9(b) were preempted because they were not sufficiently detailed and specific to give applicants appropriate notice and City decision-makers proper guidance.

The court also held that federal law preempted: (i) Section 11.9(b) to the extent it would allow the City to impose discretionary fees on applicants for Wireless Permits; and (ii) City law to the extent it would allow an appeal to the Board of Appeals of a DPW determination to grant or deny an application for a Wireless Permit.