LAWYERS



# Davis Wright Tremaine LLP

ANCHORAGE   BELLEVUE   LOS ANGELES   NEW YORK   PORTLAND   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, D.C.

| | | |
|---|---|---|
| MARTIN L. FINEMAN | SUITE 800 | TEL (415) 276-6500 |
| DIRECT (415) 276-6575 | 505 MONTGOMERY STREET | FAX (415) 276-6599 |
| martinfineman@dwt.com | SAN FRANCISCO, CA 94111-6533 | www.dwt.com |

**VIA HAND DELIVERY AND E-FILING**

August 8, 2008

The Honorable Marilyn Hall Patel
U.S. District Court, Northern District of California
Federal Building
Courtroom 15
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *NextG Networks of California, Inc. v. City and County of San Francisco et al.*,
        No. CV-08-0985 MHP

Dear Judge Patel:

Pursuant to the Joint Status Report submitted by NextG and the City in the above reference matter, NextG submits the attached proposed judgment and the following explanation for why the Court should enter judgment in the form proposed by NextG.

On June 23, 2008, the Court issued the Memorandum & Order Re: Cross Motions for Summary Judgment ("Memorandum & Order") in the above-entitled case. The Memorandum & Order granted in part and denied in part each party's motion for summary judgment. In particular, the court found that: (1) the appeals process under DPW Order section VI; (2) the discretionary imposition of excess fees under Administrative Code section 11.9(3) (D); and (3) the standards by which the Planning and Recreation and Parks Departments review an application pursuant to Administrative Code sections 11.9(b)(2) (A) and (B), are each preempted by federal law. The opinion also made clear that the offending provisions must be severed from the City's regulatory regime.

The Memorandum & Order did not address a proposed form of judgment. However, pursuant to an agreement between NextG and the City and in the interest of clarifying the party's responsibilities going forward, I have enclosed a proposed form of judgment on behalf of NextG. It reiterates the finding in the Memorandum & Order regarding the three requirements mentioned above, and it enjoins enforcement of any of the provisions of the Code imposing the requirements.

NextG particularly notes that in discussions subsequent to the Court's Memorandum & Order, the City has taken the position that, despite having told the Court that the challenged Administrative



Code is severable, it cannot currently issue any permits for areas of the City covered by Sections 11.9(b)(2)(A) and (B). In other words, applications for those areas (which are a significant portion of the City) are effectively dead.

The City takes the position that the Court intended to preempt only the phrases in Sections 11.9(b)(2)(A) and (B) that set forth the standards for review by the Planning and/or Parks Departments. NextG believes the City's position is not a tenable interpretation of the Court's Memorandum & Order. Sections 11.9(b)(2)(A) and (B) are the only provisions that require the DPW to refer applications to the Planning and/or Parks Departments. They also contain the standards that the Court found preempted. The City's position is that the Court's Memorandum & Order preempted and severed not the provisions of the ordinance, but only certain words and phrases therein. However, under the City's approach, the remaining portions of Sections 11.9(b)(2) (A) and (B) are rendered meaningless and unenforceable, as the City's current position confirms (*i.e.*, the City takes the position that because the standards have been struck down, no application can be processed or granted because it would require the application to be referred to Departments that have no standards for processing the applications).

The City's position is contrary to the holding of the Court's Memorandum & Order and the law of severability. First, Section 253 could not mean that the remedy for a standard that would grant the City unfettered discretion is to allow the City to reject **all** applications. Second, in order for severability to properly apply, the provisions left remaining must be enforceable. If the City's current position is correct – *i.e.* that it cannot process applications that would fall within Sections 11.9(b)(2)(A) and (B) – then the Code was not, in fact, severable and should be preempted in its entirety.

Accordingly, NextG respectfully asks the Court to enter the judgment as proposed in the accompanying document.

Respectfully yours,

Davis Wright Tremaine LLP

Martin L. Fineman

Enclosure

cc:   All Counsel of Record