

CITY AND COUNTY OF SAN FRANCISCO

DENNIS J. HERRERA
City Attorney

OFFICE OF THE CITY ATTORNEY

THOMAS J. LONG
Deputy City Attorney

DIRECT DIAL:    (415) 554-6548
E-MAIL:         thomas.long@sfgov.org

August 14, 2008

**Via E-Filing**

Honorable Marilyn Hall Patel
United States District Judge
450 Golden Gate Avenue,
San Francisco, California 94102

      Re:    NextG Networks of California, Inc. v. City and County of San Francisco
             Case No. CV-08-0985-MHP

Dear Judge Patel:

      In accordance with the process described in the Joint Status Conference Report in the above-captioned case, defendants the City and County of San Francisco and its Department of Public Works (collectively "City") submit this response to the proposed Judgment submitted by plaintiff NextG Networks of California, Inc. ("NextG") on August 8, 2008. For the reasons explained below, the Court should reject NextG's proposed Judgment because it conflicts in important ways with the Court's June 23, 2008 Memorandum and Order. Compared to the Memorandum and Order, NextG's proposed Judgment is inaccurate, vague, incomplete and misleading. Instead, the Court should sign the proposed Judgment submitted by the City with the minor modification explained at the end of this letter.

      The City will explain its objections to NextG's proposed judgment paragraph by paragraph, beginning with the paragraph on lines 12 through 15 of page 1. This paragraph incorrectly states that the Court's Memorandum and Order holds that the entirety of San Francisco Administrative Code Sections 11.9(b)(2)(A) and (B) and Sections III.D.4 and III.D.5 of DPW Order No. 177,163 ("DPW Order") are preempted by 47 U.S.C. section 253. NextG's proposed language ignores the clear statement in the Memorandum and Order that *review* by the Planning and Recreation and Park Departments is permissible and that only the current *standards* are preempted. (Memorandum and Order, p. 15, lines 1-5). Sections 11.9(b)(2)(A) and (B) each contain three sentences, two of which state the requirement to obtain the review and approval of these departments for certain applications; the Court's Memorandum and Order clearly upholds these provisions. As reflected in the City's proposed Judgment, only the middle sentences in these sections, which express the standards for review by these departments, are preempted. Likewise, NextG's proposed Judgment errs in stating that sections III.D.4 and III.D.5 of the DPW Order are preempted in any respect. Those sections only provide details regarding the locations that trigger review by the respective City departments. They do not state or even refer to the standards of review and thus are not preempted.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Judge Patel
Page 2
August 14, 2008

The City also strongly objects to the paragraph on lines 17 through 19 of NextG's proposed Judgment. This paragraph confusingly and broadly states that judgment is entered for NextG on its first claim "to the extent not otherwise granted to NextG by this Judgment and as set forth in the Court's June 23, 2008 Memorandum & Order." Whatever NextG may have intended by this unclear language, it misleadingly suggests that the Court's default determination was to grant the relief NextG sought in its first claim. In fact, the Court summarizes its holding by stating that "many aspects" of the City's regulation are not preempted and then by specifically identifying the particular provisions that are preempted. (Memorandum and Order, p. 14, lines 25-26). The Court further states that only those particular provisions that are preempted and not otherwise saved are invalid. (*Id.*, p. 15, lines 12-13). Thus, contrary to the implication of NextG's proposed paragraph, the Memorandum and Order upholds the City's ordinance and DPW order against NextG's first claim, except for those particular provisions that are specifically preempted.

Furthermore, the City objects to the paragraph on lines 21 through 24 of page 1 of NextG's proposal, which would enjoin the City from enforcing the entirety of Sections 11.9(b)(2)(A) and (B) and DPW Order sections III.D.4 and III.D.5. For the reasons previously stated, this language is overbroad and far exceeds the scope of the provisions that the Memorandum and Order invalidated. If the Court were to include this language in the Judgment, and the City were to amend its ordinance in a way that preserved review by the Planning and Recreation and Park Department under more detailed standards, NextG and others might (albeit erroneously) argue that the City was in violation of the Judgment just by virtue of the referral of certain applications to those departments. The Memorandum and Order makes it quite clear that the Court did not intend to prevent the City from requiring such review.

In addition to the serious problems discussed above, NextG's proposed Judgment is inaccurate and incomplete in that it fails to reflect the Court's specific findings that review of applications by the Departments of Public Health, Planning and Recreation and Park are saved by the safe harbor provisions of 47 U.S.C. §§ 253(b) and (c).

In sum, NextG's proposed Judgment significantly conflicts with the Court's Memorandum and Order. Were the Court to adopt NextG's proposed language, the inevitable result would be disputes between the City and telecommunications carriers regarding the conflicting language in the two documents and needless litigation to resolve those disputes. If NextG objects to any of the Court's determinations in the Memorandum and Order, it should file an appropriate motion for reconsideration or avail itself of its right to appeal.

NextG also appears troubled by the fact that the City has suspended review of applications requiring referral to the Planning or Recreation and Park Department pending the City's adoption of an amended ordinance with the more specific standards of review required by the Memorandum and Order. NextG's apparent goal is to require the City to approve its permit applications regardless of whether the proposed facilities would do violence to the aesthetic interests the City is lawfully trying to protect under section 253(c). NextG's proposed Judgment is a backhanded and ineffective way of trying to achieve this goal. Even under NextG's proposed Judgment, the City would be within its rights under section 253(c) to temporarily suspend review of personal wireless facility permit applications for a reasonable time to allow for adoption of an amended ordinance.

CITY AND COUNTY OF SAN FRANCISCO                    OFFICE OF THE CITY ATTORNEY

Letter to Judge Patel
Page 3
August 14, 2008


As explained in the City's August 8, 2008 letter, the City has introduced new legislation before its Board of Supervisors and may adopt an amended ordinance as early as late September.  The City would then be able to start reviewing suspended applications shortly thereafter.  Meanwhile, if NextG believes that the City is violating the law by temporarily suspending review of certain applications, NextG could try to seek appropriate relief from this Court or another court. NextG's disagreement with the City's actions is not a reason to approve a Judgment that so blatantly conflicts with the Memorandum and Order.

Finally, after the City prepared its August 8, 2008 letter, NextG has voluntarily dismissed its third claim for relief, and the Court has so ordered.  In the attachment to this letter, the City has modified its proposed Judgment to reflect the dismissal of the third claim.


Very truly yours,

DENNIS J. HERRERA
City Attorney

/S/

THOMAS J. LONG
Deputy City Attorney


cc:  All counsel on e-service list

ATTACHMENT

1 | DENNIS J. HERRERA, State Bar #139669
City Attorney
2 | THERESA L. MUELLER, State Bar #172681
Chief Energy and Telecommunications Deputy
3 | WILLIAM K. SANDERS, State Bar #154156
THOMAS J. LONG, State Bar #124776
4 | Deputy City Attorneys
City Hall, Room 234
5 | 1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4682
6 | Telephone:    (415) 554-6771
Facsimile:    (415) 554-4757
7 | E-Mail:    thomas.long@sfgov.org

8 | Attorneys for Defendants
THE CITY AND COUNTY OF SAN FRANCISCO and
9 | THE DEPARTMENT OF PUBLIC WORKS OF THE
CITY AND COUNTY OF SAN FRANCISCO

10

11 |                    UNITED STATES DISTRICT COURT

12 |                   NORTHERN DISTRICT OF CALIFORNIA

13 |                       SAN FRANCISCO DIVISION

14

15 | NEXTG NETWORKS OF CALIFORNIA,        Case No. CV-08-0985-MHP
INC., a Delaware corporation,

16 |             Plaintiff,                **[AMENDED PROPOSED]**
                                          **JUDGMENT**
17 |       vs.

18 | THE CITY AND COUNTY OF SAN
FRANCISCO and THE DEPARTMENT
19 | OF PUBLIC WORKS OF THE CITY OF
SAN FRANCISCO,
20
             Defendants.
21

22

23 |        Plaintiff NextG Networks of California, Inc. ("NextG") made a motion for judgment on the

24 | pleadings on the first and second claims of its complaint.  Pursuant to Federal Rule of Civil Procedure

25 | 12(d), the Court converted NextG's motion to a motion for summary judgment.  Defendants the City

26 | and County of San Francisco and the Department of Public Works of the City and County of San

27 | Francisco (collectively "City") made a counter motion for summary judgment on the first and second

28 | claims.  The subjects of these motions were City Ordinance number 214-07 ("Ordinance"), codified

[PROPOSED] JUDGMENT                            1
CV-08-0985-MHP

1    at San Francisco Administrative Code sections 11.1 and 11.9, and the implementing regulations set

2    forth in Department of Public Works Order No. 117,163 ("DPW Order"). On June 9, 2008, the Court

3    heard the motions. On June 23, 2008, the Court filed a Memorandum & Order Re: Cross–Motions

4    for Summary Judgment ("Memorandum and Order") resolving the first and second claims of the

5    complaint.

6       For the reasons set forth in the Memorandum and Order, the Court issues the following

7    judgment with respect to the plaintiff's first claim for relief under 47 U.S.C. § 253:

8       (1) Except as specifically stated in this Judgment, the Ordinance and DPW Order are not

9    preempted by section 253.

10       (2) The appeals process allowed under City law and referenced in Section VI of the DPW

11    Order is preempted by 47 U.S.C. § 253(a) and not saved by the safe harbor provisions of 47 U.S.C. §

12    253(b) and 47 U.S.C. § 253(c). The Court therefore enjoins the City from allowing members of the

13    public or an applicant for a personal wireless service facilities site permit ("Wireless Permit") to

14    appeal determinations of the Department of Public Works to the Board of Permit Appeals.

15       (3) San Francisco Administrative Code section 11.9(b)(3)(D), which affords the Director of

16    Public Works discretion to require additional fees for permit applications, is preempted under section

17    253(a) and not saved by the safe harbor provisions of sections 253(b) and (c). The Court therefore

18    enjoins the City from requiring applicants for Wireless Permits to pay any such discretionary fees.

19       (4) San Francisco Administrative Code section 11.9(b)(2)(C), which requires review of

20    Wireless Permit applications by the City's Department of Public Health, is proscribed by Section

21    253(a), but saved by the safe harbor provision of section 253(b).

22       (5) San Francisco Administrative Code sections 11.9(b)(2)(A) and (B), which require review

23    by the Planning Department and Recreation and Park Department, respectively, of Wireless Permit

24    applications to construct personal wireless service facilities in certain enumerated locations, are

25    proscribed by section 253(a), but saved by the safe harbor provision of section 253(c).

26       (6) San Francisco Administrative Code sections 11.9(b)(2)(A) and (B), which establish

27    certain standards for review by the Planning Department and Recreation and Park Department,

28    respectively, of Wireless Permit applications to construct personal wireless service facilities in certain

[PROPOSED] JUDGMENT         2
CV-08-0985-MHP

1  enumerated locations, are proscribed by section 253(a) and are not saved by the safe harbor provision

2  of sections 253(b) or 253(c).   The Court therefore enjoins the City from enforcing the provisions set

3  forth below:

4         (a)    The second sentence of San Francisco Administrative Code Section

5         11.9(b)(2)(A), which reads: "The Planning Department shall not recommend approval of a

6         Personal Wireless Service Facilities Site Permit unless the Planning Department determines

7         that a Personal Wireless Service Facility in the proposed location is consistent with the public

8         health, safety, convenience and general welfare and will not unreasonably affect, intrude upon

9         or diminish any of the identified City resources."

10         (b)    The second sentence of San Francisco Administrative Code Section

11         11.9(b)(2)(B), which reads: "The Recreation and Park Department shall not recommend

12         approval of a Personal Wireless Service Facilities Site Permit unless the Recreation and Park

13         Department determines that a Personal Wireless Service Facility in the proposed location will

14         not unreasonably affect, intrude upon or diminish a City park or open space."

15

16     For the reasons set forth in the Memorandum and Order, the Court declines supplemental

17  jurisdiction of plaintiff's second claim for relief under California Public Utilities Code Sections 7901

18  and 7901.1, pursuant to 28 U.S.C. § 1367(c)(1), and dismisses the second claim.

19     Pursuant to plaintiff's voluntary dismissal of its third claim for relief under the Contracts

20  Clause of the United States Constitution, the Court dismisses the third claim without prejudice.

21

22     IT IS SO ORDERED, ADJUDGED AND DECREED.

23     Dated: August __, 2008

24

25

26                                          _____

27                                          The Honorable Marilyn Hall Patel
                                            United States District Court Judge
28                                          Northern District of California

[PROPOSED] JUDGMENT                          3
CV-08-0985-MHP