UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTG NETWORKS OF CALIFORNIA, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO and THE DEPARTMENT OF PUBLIC WORKS OF THE CITY OF SAN FRANCISCO,<br><br>Defendants. | Case No. CV-08-0985-MHP<br><br>[~~PROPOSED~~] ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION OF THE JUNE 23, 2008 ORDER |

    Defendants the City and County of San Francisco and the Department of Public Works ("DPW") of the City and County of San Francisco (hereinafter jointly referred to as "City") have filed a motion for reconsideration of this Court's Memorandum & Order filed June 23, 2008 ("June 23, 2008 Order"), which granted in part and denied in part the respective motions for partial summary judgment submitted by defendants and by plaintiff NextG Networks of California, Inc. ("NextG").[1] Section I of the Discussion section of the June 23, 2008 Order considered the validity, under 47

---

[1] Pursuant to Federal Rule of Civil Procedure 12(d), the Court deemed NextG's motion, styled as a motion for judgment on the pleadings, as a motion for summary judgment.

[PROPOSED] ORDER GRANTING DEFS' MOTION FOR RECONSIDERATION          1
CV-08-0985-MHP

1  U.S.C. § 253, of City Ordinance No. 214-07 and DPW Order No. 177,163 (collectively "City
2  Regulations") and held that the City Regulations were valid in part and preempted in part. Having
3  considered the papers submitted by the parties, and having heard the arguments of counsel,
4      IT IS HEREBY ORDERED that the City's motion for reconsideration is GRANTED. Section
5  I of the June 23, 2008 Order was based on the interpretation of 47 U.S.C. Section 253(a) set forth in
6  *City of Auburn v. Qwest Corp.*, 260 F.3d 1160 (9th Cir. 2001). In *Sprint Telephony PCS v. County of*
7  *San Diego*, ___ F.3d ___, 2008 U.S. App. LEXIS 19316 (9th Cir. 2008) (filed September 11, 2008),
8  the Ninth Circuit, *en banc*, overruled *City of Auburn*. Under the interpretation of § 253(a) set forth in
9  *Sprint Telephony*, the City Regulations, on their face, are not preempted under 47 U.S.C. § 253(a).
10 As a result, the Court need not analyze whether the City Regulations are saved by 47 U.S.C. §§
11 253(b) and 253(c). Accordingly, the City's motion for summary judgment on NextG's First Claim
12 for Relief, relating to 47 U.S.C. § 253, is GRANTED, and NextG's motion for summary judgment is
13 DENIED.
14     IT IS FURTHER ORDERED that Section I of the Discussion section of the June 23, 2008
15 Order, addressing the validity of the City Regulations under 47 U.S.C. § 253, is VACATED. To the
16 extent that any of the remainder of the June 23, 2008 Order conflicts with this Order, the June 23,
17 2008 Order is AMENDED.
18     IT IS FURTHER ORDERED that all claims for relief in NextG's complaint having hereby
19 been adjudicated or dismissed, judgment shall be entered consistent with this Order and the June 23,
20 2008 Order, as amended.
21     **IT IS SO ORDERED.**
22
23 Dated: 9/24/2009



[PROPOSED] ORDER GRANTING DEFS' MOTION
FOR RECONSIDERATION
CV-08-0985-MHP

2